THE STANDARD BLEACHERY AND PRINTING COMPANY, PROSECUTOR, v. THE BOARD OF REVIEW OF THE UN-EMPLOYMENT COMPENSATION COMMISSION OF NEW JERSEY, THE UNEMPLOYMENT COMMISSION OF NEW JERSEY AND WALTER P. RANDALL, DEFENDANTS.

Submitted October 2, 1944—Decided January 11, 1945.

Before Justices CASE, BODINE and PORTER.

For the prosecutor, *Louis A. Cowley.*

For the defendants, *Clarence F. McGovern.*

The opinion of the court was delivered by

BODINE, J. Walter P. Randall made claim for benefits under the Unemployment Compensation Law. The claim was allowed by a deputy, reversed by the Appeal Tribunal which, in turn, was reversed by the Board of Review. This action the prosecutor seeks to have reversed in this court on *certiorari.*

The pertinent portion of the statute is as follows: "4. An individual, totally or partially unemployed, shall be eligible to receive benefits with respect to any week only if it appears that * * * (c) He is able to work, and is available for work." *R. S.* 43:21–4, as amended *Pamph. L.* 1941, *ch.* 114, *p.* 257, § 1.

The question posed is: Was the claimant able and available for work within the purview of the statute in question?

Randall was 57 years of age and on March 18th, 1943, he consulted a physician because of rheumatic heart condition and was finally advised, on July 19th, 1943, to rest. Although he reported to the Unemployment Compensation Commission that he was available for light work, he did not secure employment as a timekeeper till September 13th, 1943.

There can be very little doubt that from August 3d, 1943, when he filed his initial claim, that he was not able to work. He could not, under any circumstance, do the heavy work which he had been doing before the heart condition developed.

The employer carried with the Metropolitan Life Insurance Company a group accident and health claim policy. Randall made claim thereunder and was allowed sick benefits. That circumstance may not be dispositive of the question of whether Randall was able and available for work. We think, however, that the proofs clearly show that he was not able to work until September 13th, 1943. He stated he was not. So did his physician. His signed statements to that effect neutralized his testimony that he was able to work. The case is barren of proof that he was entitled to the statutory compensation.

The judgment under review will be reversed, but without costs.