Ruppert Unemployment Compensation Case.

Argued March 20, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Charles W. Ruppert,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *Raymond Kleiman,* Deputy Attorney General, and

*Walter E. Alessandroni,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY MONTGOMERY, J., April 18, 1963:

In this unemployment compensation case the Unemployment Compensation Board of Review adopted the findings of fact made by the referee and concluded that the appellant brought about his unemployment through acts of willful misconduct connected with his work and therefore is ineligible for benefits under the provisions of section 402(e) of the Unemployment Compensation Law.

The referee found as facts that the appellant was employed for approximately six months by the John A. Beard & Co., Reading, Pa., as a junior staff accountant, paid at the rate of $85 per week. His last day of work there was June 22, 1962. Appellant had a history of frequent tardiness during his employment concerning which he had been warned on several occasions by his supervisor, but his tardiness continued, ranging from several minutes to an hour and more in consecutive work weeks. A short time prior to June 22, 1962, appellant requested permission to be absent Monday and Tuesday, June 25 and 26, which permission was granted by his supervisor. Claimant, however, failed to return to work on June 27, 28 or 29, and failed to get in touch with his employer at any time during that week. As a result of claimant's unexcused absence and his repeated tardiness, he was informed by letter from his employer that he was discharged.

Appellant applied for benefits under the Unemployment Compensation Law, and although duly notified of the time and place of the scheduled hearing he failed to appear to testify in his own behalf.

Appellant admits in his brief that he was frequently tardy and absent without direct permission, but he contends that he was not consciously responsible for

these actions because of a personal psychological problem characterized by a periodic loss of conscious control which apparently prevented appellant's promptness or the giving of required notice when he found it necessary to absent himself. He therefore argues that he is not guilty of such willful misconduct which would disqualify him from receiving benefits.

The employer in this case gave the appellant every opportunity to overcome his problem but he was repeatedly warned that he must do so in order to remain an employé and so as not to negatively influence other employes.

This Court is bound by the findings of fact made by the referee and adopted by the board if they are supported by evidence. *Progress Manufacturing Company, Inc. v. Unemployment Compensation Board of Review,* 406 Pa. 163, 176 A. 2d 632. There is no dispute here about the evidence as the absenteeism and tardiness were clearly shown by the appellant's time cards. The appellant claims he could have shown that his record was not willful misconduct by testimony of his psychiatrist. Although appellant claims he was in the waiting room at the time of the hearing but was not informed that it was taking place, he does not say that he was accompanied by a psychiatrist who could have testified in his behalf nor does he claim that he could have presented any other evidence in exculpation of his conduct. The only conclusion that can be drawn from the record is that the appellant failed to observe the standards of behavior expected of him and thereby deliberately disregarded the interests of his employer and his own duties and obligations to his employer. We agree with the referee and the board that such actions or lack of them amounted to willful misconduct and he is therefore ineligible for benefits under the provisions of section 402(e) of the law. *Kishok Unemployment Compensation Case,* 189 Pa. Superior Ct. 527, 151 A.

2d 822; *Detterer Unemployment Compensation Case,* 168 Pa. Superior Ct. 291, 77 A. 2d 886.

Furthermore, it is evident from the appellant's own statement in his brief that the employer was cognizant of the appellant's psychological problem when it originally gave him employment and that it did so only on the specific condition that he would be able to overcome his problem. He was obviously not able to accomplish this and was incapable of complying with the ordinary duties and regulations attendant upon any employe. His admitted illness prevents the appellant from being "available for work" and therefore would disqualify him from receiving unemployment compensation benefits. The Unemployment Compensation Law is not health insurance legislation, and its benefits are only to persons available to work and not to an ill employe during a period of his illness. *Antinopoulas Unemployment Compensation Case,* 181 Pa. Superior Ct. 515, 124 A. 2d 513. Unemployment compensation does not cover the physically or mentally ill during the periods in which they are unemployable. *Labenski Unemployment Compensation Case,* 171 Pa. Superior Ct. 325, 90 A. 2d 331. The appellant's own statement as to the nature and consequences of his illness would render him ineligible for benefits under the law. However, we affirm the decision of the board on the basis of its findings and conclusions.

Decision affirmed.