In the Matter of the Claim of LYMAN R. RANDALL, Respondent. CARRIER AIR CONDITIONING COMPANY, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— REYNOLDS, J. Appeal by the employer from a decision of the Unemployment Insurance Appeal Board holding claimant eligible to receive unemployment insurance benefits. The board's determination must be reversed. Subdivision 2 of section 591 of the Labor Law provides that "No benefits shall be payable to any claimant who is not capable of work or who is not ready, willing and able to work in his usual employment or in any other for which he is reasonably fitted by training and experience." The board's decision does not discuss this contention, and from its determination as to the nature of claimant's alcoholic condition the only conclusion possible is that claimant was not capable of work. Further, the record does not reveal that claimant during the period for which benefits were awarded was sufficiently cured or improved as to be capable of work. Respondent urges that we may not here consider this argument, and while the record does not indicate whether or not the issue was before the board, it clearly was raised before the Referee, whose decision the board adopted *in toto,* although he did not specifically rule thereon; and in any event is so inherent to the receipt of benefits that it would have to have been considered and passed on by the board even if covertly. Thus on the present record the board's determination cannot stand. Decision reversed, without costs, and the matter remitted to the Unemployment Insurance Appeal Board for further determination not inconsistent herewith. Gibson, P. J., Taylor, Aulisi and Hamm, JJ., concur.

In the Matter of the Claim of FRANCES HERMAN, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— HAMM, J. Appeal by claimant from a decision of the Unemployment Insurance Appeal Board that the claimant was not available for employment and was therefore not eligible for benefits. The board found that the claimant, although admittedly wishing to work only for a temporary period, had consistently sought permanent work, that she failed to make an active and realistic search for work and that her job efforts were token in nature and did not show a genuine attachment to the labor market. "Whether a person is available for employment during a specific period is a question of fact to be determined by the referee and the Appeal Board." (*Matter of Dunn* [*Corsi*], 1 A D 2d 722.) We may not say as a matter of law that the board could not find as it did upon this record (Labor Law, § 623). Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds and Aulisi, JJ., concur.