**Charles R. MORRIS, Sr., Appellant,**

**v.**

**UNEMPLOYMENT INSURANCE APPEAL BOARD, Appellee.**

Superior Court of Delaware,
New Castle.

May 28, 1975.

Charles R. Morris, Sr., pro se.

Jay H. Conner, Wilmington, for appellee.

OPINION

O'HARA, Judge.

Appeal from a decision of the Unemployment Insurance Appeal Board ("Board") denying benefits to appellant, Charles R. Morris, Sr., for the period between June 18, 1974 and July 11, 1974.

The appellant originally filed a claim for unemployment benefits on December 30, 1973. Evidently he drew checks on a regu-

lar basis thereafter. On May 28, 1974, appellant was hospitalized for alcohol addiction, in accordance with an order of the Family Court of the State of Delaware. Medical certificates furnished by appellant, the last one dated July 28, 1974, indicate that he remained hospitalized and under professional care for alcohol addiction until July 11, 1974, at which time he was considered capable of returning to work on a full time basis and released.

On June 18, 1974, appellant was declared ineligible for unemployment benefits by the Claims Deputy who determined that, due to his illness and confinement, appellant was neither able to work nor available for work. The Appeals Referee, affirming the decision of the Claims Deputy, in a written opinion, concluded that appellant failed to meet the requirements of eligibility for receipt of benefits pursuant to 19 Del.C. § 3314(3) which provides, in pertinent part, as follows:

"An unemployed individual shall be eligible to receive benefits with respect to any week only if the Commission (now Department) finds that he . . .

(3) Is able to work, and is available for work, and is actively seeking work . . . ."

The Referee opined that unemployment benefits are not health insurance benefits, and that the Unemployment Compensation statute was not intended to provide benefits to one who is not able to work on account of an illness in the nature of alcohol addiction.

The Board, after hearing additional testimony, adopted the findings of the Referee and affirmed his decision. Neither party has filed a brief in this appeal. However, at oral argument, appellant, appearing *pro se,* essentially contended that his unemployment benefits should have continued during the period of his hospitalization since the State, through an order of the Family Court, placed him in the position where he was unable to work. Appellee's position is that this Court must assume appellant's commitment was valid, and, given that, must recognize that a person so confined is not "able to work", "available for work", or "actively seeking work" within the meaning of 19 Del.C. § 3314(3).

The Referee's conclusion, adopted by the Board, that unemployment compensation is not health insurance and that its benefits are not available to those who are unable to work due to illness, is in accord with the position adopted by courts of various other jurisdictions. See e. g. *Ruppert v. Unemployment Compensation Board of Review,* 200 Pa.Super. 514, 189 A.2d 922 (1963); *Curry v. Administrator, Unemployment Compensation Act,* 20 Conn.Super. 428, 138 A.2d 805 (1957); *Wolpers v. Unemployment Compensation Com'n.,* 353 Mo. 1067, 186 S.W.2d 440 (1945); *Brown-Brockmeyer Co. v. Board of Review, Etc.,* 70 Ohio App. 370, 45 N.E.2d 152 (1942); *Unemployment Compensation Commission of Va. v. Dan River Mills, Inc.,* 197 Va. 816, 91 S.E.2d 642 (1956); *State v. Hix,* 132 W.Va. 516, 54 S.E.2d 198 (1949); *Standard Bleachery & Printing Co. v. Board of Review of Unemployment Compensation Commission,* 132 N.J.L. 318, 40 A.2d 558 (1945), aff'd. 134 N.J.L. 615, 48 A.2d 918. Indeed, one court, facing a situation very similar to the one here presented, has ruled that an individual not capable of working due to an alcoholic condition is ineligible for unemployment compensation.[1] *Randall v. Carrier Air Conditioning Co.,* 25 A.D.2d 473, 266 N.Y. S.2d 22 (1966).

No reported decision of a Delaware Court, however, construing the Unemploy-

---

1. The applicable statute provided in pertinent part: "[N]o benefits shall be payable to any claimant who is not capable of work or who is not ready, willing and able to work in his usual employment or in any other for which he is reasonably fitted by training and experience."

ment Compensation Statute has dealt with the precise issue currently before this Court. As stated by one commentator:

"Unemployment Compensation law is entirely statutory and consequently benefits may be allowed and denied only in accordance with the express provisions of the statutes. While the laws of the several states are similar in many respects in unemployment matters, there are significant differences which effect different conclusions in the allowance or denial of benefits by the courts." Annot. 14 A.L.R.2d 1308, 1310.

A significant feature of 19 Del.C. § 3314(3) prescribing the standards of eligibility for unemployment benefits, consists of a 1955 amendment thereto, 50 Del.Laws, Ch. 115, which provides:

"[B]ut no claimant shall be considered ineligible in any week of unemployment for failure to comply with this subsection (3) if such failure is due to an illness or disability which occurs after he has registered for work and no work which would have been considerable [sic] suitable at the time of his initial registration has been offered after the beginning of such illness or disability. The Commission [now Department] shall require the submission of a doctor's certificate to establish the existence of such illness or disability, and thereafter the Commission [now Department] shall require a doctor's certificate not less than once every four weeks to establish any continuation of such illness or disability."

The Court believes that the above quoted provision may be applicable to the circumstances here present and, in turn, may warrant a finding that appellant was eligible for unemployment benefits during the period of his hospitalization for alcohol addiction. Apparently, appellant's initial registration for work occurred on December 30, 1973. His disability, as recognized by the Family Court, commenced on May 28, 1974. Appellant furnished a doctor's certificate to establish the existence of his illness. Therefore, if no suitable work had been offered to him subsequent to his hospitalization for alcohol addiction, on May 28, 1974, appellant's situation would fall within the parameters of the above quoted portion of 19 Del.C. § 3314(3), and, therefore, the decision of the Board, upholding the determination of ineligibility, would be in error.

The record contains an assertion by appellant that employment was available to him during the period of his hospitalization. However, this statement does not establish, to the satisfaction of this Court, whether suitable work had been offered to appellant during the period of his declared ineligibility, June 18 to July 11, 1974. A further factual determination on this matter by the Board is required.

The Referee, in his dialogue with appellant, opined that alcohol addiction is an illness, but it is a social illness which is not compensable under the Unemployment Compensation Act. That portion of 19 Del.C. § 3314(3) discussed herein, dealing with the eligibility of a claimant who is ill or disabled, makes no distinction between a so-called social illness and any other physical or mental infirmity. In the absence of a demonstrable legislative intent that such distinction be made, this Court declines to do so. Compare *Harper v. Unemployment Insurance Appeal Board,* Del.Super., 293 A.2d 813 (1972).

For the reasons herein stated this case should be remanded to the Unemployment Insurance Appeal Board for a further factual finding and a decision not inconsistent with this opinion.

It is so ordered.