■ In the Matter of the Claim of SANTOS VILLEGAS, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 23, 1975, which disqualified claimant from receiving benefits effective September 13, 1974 because he lost his employment through misconduct in connection therewith. Claimant contends that the decision is not supported by substantial evidence and that he was denied due process. Claimant was discharged when discovered leaving the employer's premises with merchandise which he had neither paid for nor been given permission to take. Unquestionably, theft by an employee from his employer constitutes misconduct and disqualifies a claimant from receiving benefits, and the question of whether or not a theft occurred is one of fact (Matter of Fermaglich [Levine], 41 AD2d 70). The board rejected the claimant's explanation. There is substantial evidence to support the board's determination and, therefore, it should not be disturbed (Matter of Rubinstein [Catherwood], 33 AD2d 950). Claimant now raises for the first time a contention that he was denied due process in that the referee abused his discretion by not using an interpreter who was present. There was no request made for the service of the interpreter, and the record fails to demonstrate any lack of comprehension on the part of the claimant. Hence, there was no abuse of discretion or denial of due process. Decision affirmed, without costs. Herlihy, P. J., Kane, Main, Larkin and Reynolds, JJ., concur.

■ In the Matter of the Claim of ERNEST RUPP, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 9, 1975, which reversed the decision of a referee and sustained the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective September 6, 1974 because he lost his employment through misconduct. The board's determination is supported by substantial evidence including claimant's admission of drinking and must be affirmed by this court (Matter of Doyle [Catherwood], 27 AD2d 879). Decision affirmed, without costs. Herlihy, P. J., Kane, Main, Larkin and Reynolds, JJ., concur.

■ In the Matter of the Claim of MICHELINA PAPA, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board which affirmed a decision of a referee that he was without jurisdiction to rule on an initial determination of the Industrial Commissioner because claimant did not make a timely request for a hearing. There is no question that claimant's request for a hearing came well after the 30-day period prescribed by section 620 (subd [1], par [a]) of the Labor Law. Accordingly, the board's decision of lack of jurisdiction was clearly proper (e.g., Matter of Merkson [Catherwood], 24 AD2d 675). Decision affirmed, without costs. Herlihy, P. J., Kane, Main, Larkin and Reynolds, JJ., concur.

■ In the Matter of the Claim of WILLIAM H. CANADY, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 11, 1974, which affirmed a referee's decision sustaining the Industrial Commissioner's initial determination that the claimant was ineligible to receive benefits effective March 4, 1974 because he was unavailable for employment. The record establishes minimal job seeking efforts and, accordingly, the board's decision is supported by substantial evidence. The claimant's excuse of

inadequate funds to make a job search was for the respondent and the board to weigh and, in any event, would not explain his failure to seek employment. Decision affirmed, without costs. Herlihy, P. J., Kane, Main, Larkin and Reynolds, JJ., concur.