■ In the Matter of the Claim of CHAUNCEY E. FRANCIS, Respondent. NEW YORK CITY HUMAN RESOURCES ADMINISTRATION, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 4, 1979, which affirmed a decision of an Administrative Law Judge overruling the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits because he lost his employment through misconduct in connection therewith. There is no basis in the record to sustain the factual determination that claimant was sick and unable to work. The record contains substantial evidence that claimant was intoxicated on the job, brought liquor to work and caused disruption on the job. Such activities constitute misconduct sufficient to disqualify claimant from receiving unemployment insurance benefits *(Matter of Rupp [Levine]*, 49 AD2d 783; *Matter of Fahy [Catherwood]*, 29 AD2d 712; *Matter of Poveda [Catherwood]*, 28 AD2d 781). Decision reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Mahoney, P. J., Main, Yesawich, Jr., and Weiss, JJ., concur.

Mikoll, J., dissents and votes to affirm in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. In my view, there is substantial evidence in the record as a whole to support the decision of the board finding claimant to be an alcoholic and his termination to be caused by sickness, misconduct being a deliberate act. In a memorandum dated April 18, 1979 sent by his supervisor, Marilyn R. Stapleton, to the Director of the New York City Human Resources Administration, the supervisor stated: "Mr. Francis has had an alcoholism problem for quite some time from which he has been slowly deteriorating * * *. Chauncey knowing his problem has voluntarily entered the hospital a number of times in order to try to curb his drinking problem * * *. Chauncey is a very sick and disturb [sic.] man, because of this I do not recommend termination. I do however suggest it be made mandatory for him to attend Alcoholics Anonymous and to receive extensive counselling to see if it will help." Claimant testified that he received 28 days of treatment for alcoholism in "Smithers" in May, 1977. The Administrative Law Judge asked if he drank every day and claimant responded: "No, that's the problem. I don't realize if I am an alcoholic or not." He also said he could have been admitted to Cumberland Hospital for

"peace of mind" but came to the hearing instead. He had attended numerous AA meetings. Claimant also stated he had a blackout on April 17, 1978 and did not know he had been sent home for having passed out at work. Claimant further stated that he had plans to go to Alcoholics Anonymous, that he needed and wanted counseling, but that the woman with whom he was living would not go. The board, as an administrative agency, had the power to treat alcoholism as an illness and to find that claimant's conduct did not constitute misconduct (cf. *Matter of James [Levine],* 34 NY2d 491).