In the Matter of the Claim of MARK GAISER, Respondent. GENERAL MILLS, INC., Appellant; PHILIP ROSS, as Industrial Commissioner, Respondent.

Third Department, September 24, 1981

**APPEARANCES OF COUNSEL**

*Hodgson, Russ, Andrews, Woods & Goodyear (H. Kenneth Schroeder, Jr.,* of counsel), for appellant.

*Gerald A. Dwyer* for Mark Gaiser, respondent.

**OPINION OF THE COURT**

MAIN, J.

Claimant was employed as a supplier for the employer until February 27, 1980. On that date and during his regular shift, claimant was observed operating a self-propelled forklift, which he was not authorized to operate, in such a fashion as to cause the lift to ram into cartons readied for shipment, cartons of supplies and stacks of pallets while he and his two observing co-workers were consumed with laughter. The only eyewitness who testified stated that this performance continued until one of the co-workers discovered her presence and alerted claimant who then left the building with his two companions. The em-

ployer, after surveying the extensive damage and being apprised of the details of the incident, terminated claimant.

Claimant denied any recollection of the incident and testified that he "blacked out". He stated that he was intoxicated when he came to work and that he had a drinking problem. Three witnesses who had ample opportunity to observe claimant when he came to work and during his shift testified that they observed no signs to indicate that claimant was intoxicated. Nonetheless, the board, in adopting the decision of the Administrative Law Judge *in toto,* found that claimant had been drinking when he reported for work; that he was an alcoholic; that alcoholism is a disease and that accordingly, "the claimant's behavior on his last night of work did not constitute misconduct" and that his termination was, therefore, under nondisqualifying circumstances.

It has long been settled that one who reports for work in an intoxicated state or becomes intoxicated while in his course of employment is guilty of behavior rising to the level of misconduct *(Matter of James [Levine],* 34 NY2d 491; *Matter of Baxter [Ross],* 54 AD2d 1048; *Matter of Rupp [Levine],* 49 AD2d 783; *Matter of Doyle [Catherwood],* 27 AD2d 879). Such a holding has prevailed in cases where the frequency of intoxication was such as to suggest or, at least, permit the inference of alcoholism *(Matter of James [Levine], supra,* p 496; *Matter of Poveda [Catherwood],* 28 AD2d 781; *Matter of Gibbs [Catherwood],* 15 AD2d 979). Nonetheless, the board has chosen here to conclude, without precedent, that one afflicted with alcoholism is incapable of misconduct. While we reject this unsupported and dangerous conclusion, even were we to accept it this claimant would still not be entitled to benefits. Contrary to the assertions of both claimant's attorney and the Attorney-General, the record fails to provide substantial or any support for the finding that claimant was an alcoholic. Though not admitted in evidence or referred to in the record, the board file contains two letters which apparently form the basis of the board's decision that claimant was suffering from alcoholism. One letter is from a Dr. Nunn who suggests that claimant's "black out" might have been

caused by the mixture of antihistamine from the "Contac" which claimant told him he had been taking and the alcohol he allegedly consumed before going to work. There is neither a hint nor a suggestion in the doctor's statement that claimant was an alcoholic. The second letter is addressed to claimant's union and signed by an "alcoholic counsellor" from a clinic claimant contacted. The qualifications, education, experience or expertise of the writer are not mentioned. Hence, no medical evidence was produced which would support a finding that claimant was suffering from alcoholism (cf. *Matter of Snapperman [Levine], 50 AD2d 1029*).

In addition, subdivision 2 of section 591 of the Labor Law provides that: "No benefits shall be payable to any claimant who is not capable of work or who is not ready, willing and able to work in his usual employment or in any other for which he is reasonably fitted by training and experience."

While the board's decision does not speak to this requirement of eligibility, the only reasonable conclusion to be drawn from its decision is that the board found that claimant was not capable of work. The record does not reveal that during the period for which benefits were awarded claimant's alleged alcoholism was sufficiently cured or improved so as to render him capable of working *(Matter of Randall [Carrier Air Conditioning Co. — Catherwood], 25 AD2d 473)*.

For these reasons the board's decision cannot stand.

The decision should be reversed, without costs, and the employer's objection to claimant's eligibility for benefits sustained.

SWEENEY, J. P., MIKOLL, WEISS and HERLIHY, JJ., concur.

Decision reversed, without costs, and employer's objection to claimant's eligibility for benefits sustained.