■ In the Matter of the Claim of LARRY ALEXANDER, Respondent. GENERAL MILLS, INC., Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 10, 1981, which affirmed determinations that claimant was eligible for unemployment insurance benefits. Claimant had been employed as a feeder in a food manufacturing plant. Following numerous instances of tardiness and absenteeism, he was discharged for reporting to work intoxicated and unable to perform his work on several occasions. Although the employer's policy provided for discharge for reporting to work drunk, or being under the influence of alcohol while on the job, claimant's application for unemployment insurance benefits was granted on the ground he was an alcoholic. Alcoholism being an illness, termination of employment therefor is nondisqualifying and claimant was ruled eligible over the employer's objections. Initially, we note that claimant's behavior, under normal conditions, rises to the level of misconduct *(Matter of James [Levine],* 34 NY2d 491). The pivotal question on this appeal is whether claimant's alcoholic condition renders his discharge nondisqualifying for purposes of determining eligibility for benefits. This court, in *Matter of Gaiser (General Mills — Ross)* (82 AD2d 629), has recently rejected the novel contention that one afflicted with alcoholism is incapable of misconduct (see, also, *Matter of Francis [New York City Human Resources Admin. — Ross],* 80 AD2d 961). Moreover, the present record is devoid of any independent medical evidence to establish the disease of alcoholism (cf. *Matter of Snapperman [Levine],* 50 AD2d 1029). The board principally relied upon claimant's subsequent treatment by a division of the New York State Office of Alcoholism and Substance Abuse. While a letter from a counselor at the division notes that claimant was terminated "for various reasons including substance abuse", it does not establish the degree of claimant's condition. Nor do claimant's assertions that he was suffering from alcoholism suffice. In our

view, having failed to present adequate medical proof of his illness, claimant should not be relieved of the consequences of his misconduct. Moreover, the board decision infers that claimant was not capable of work which would necessitate his ineligibility for benefits (Labor Law, § 591, subd 2). Finally, the record does not demonstrate that claimant's "alcoholism" was sufficiently cured or improved so as to render him capable of working *(Matter of Randall [Carrier Air Conditioning Co. — Catherwood],* 25 AD2d 473). The decision must be reversed. Decision reversed, without costs, and the employer's objection to claimant's eligibility for benefits sustained. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.