◼ In the Matter of the Claim of MANUEL ROSAS, Respondent. RED WING COMPANY, INC., Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 20, 1981. Claimant, a laborer, was discharged for intoxication on

the employer's premises during working hours. He entered an alcoholic treatment program, and negotiations between the union representing claimant and the employer resulted in an offer of re-employment for claimant upon his successful completion and discharge from the program. When the employer learned of claimant's discharge from the program, it notified the union that the offer of re-employment would remain open for one week. Apparently, the union was unable to contact claimant and it requested an additional week from the employer, which was granted. At the end of the second week, the company withdrew its offer. Claimant's application for benefits was denied by the Industrial Commissioner, initially on the ground that claimant lost his employment through misconduct, but thereafter a revised initial determination ruled claimant ineligible for voluntarily leaving his employment without good cause. The Administrative Law Judge overruled the revised determination and the board affirmed. The record reveals that negotiations concerning the offer of re-employment were carried out solely between the employer and the union, although claimant was apparently advised of the possibility of re-employment when he completed the treatment program. There is a dispute in the record, however, as to whether claimant was advised to contact the union upon his release from the program or told that the union would contact him. In any event, claimant did not learn of the offer until approximately three weeks after his release from the treatment program, which was four days after the employer formally withdrew its offer. The employer argues that the offer of re-employment was conditional and made to the union, rather than claimant, and that the union's failure to agree to the conditions of the offer left claimant's prior discharge for misconduct the basis for claimant's unemployment. Despite the revised initial determination, the Industrial Commissioner apparently now agrees with this analysis, for he argued simply that alcoholism is an illness and that its symptoms cannot constitute misconduct (but see *Matter of Gaiser [General Mills — Ross]*, 82 AD2d 629). In view of the testimony of claimant, the union representative and the employer's representative, however, the board was free to draw the inferences that had the offer of re-employment been communicated to claimant during the relatively short period that it was extant, the conditions of the offer would have been accepted by claimant and the union, and claimant would have been re-employed (cf. *Matter of Di Maria [Ross]*, 52 NY2d 771). Accordingly, the board could reasonably conclude that the cause of claimant's unemployment was not his original discharge for misconduct, but rather, it was the result of the expiration of the offer of re-employment before claimant learned of it and had an opportunity to accept. It is undisputed that claimant was unaware that an offer of re-employment had actually been made by the employer or that it was conditioned upon acceptance by claimant within a relatively short period after his release from the treatment program. The record also reveals claimant's difficulty in comprehending spoken English. Under the circumstances of this case, the board could find that claimant lost the opportunity of re-employment through no fault of his own, and we see no basis for disturbing the board's conclusion that claimant did not voluntarily leave his employment without good cause. Decision affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Mikoll, JJ., concur.