# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| MICHAEL J. TUCKER, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No. N13A-12-003 DCS |
| | ) | |
| UNEMPLOYMENT INSURANCE | ) | |
| APPEAL BOARD, | ) | |
| | ) | |
| Appellee. | ) | |

Submitted: April 16, 2014
Decided: July 18, 2014

*On Appeal from the Decision of the Unemployment Insurance Appeal Board –*
**REVERSED and REMANDED.**

# OPINION

Michael J. Tucker, *Pro Se* Appellant.

Catherine Damavandi, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for Appellee the Unemployment Insurance Appeal Board.

**STREETT, J.**

## Introduction

Appellant Michael J. Tucker ("Appellant") appeals the December 4, 2013 decision of the Unemployment Insurance Appeal Board (the "Board"). The Board affirmed the Appeals Referee's decision that Appellant was ineligible for unemployment benefits pursuant to 19 *Del. C.* § 3315(3). The Board adopted the Appeals Referee's finding that Appellant was unable to work and unavailable for work based on a medical certificate completed by his doctor that he had submitted to the Delaware Department of Labor (the "DOL") in support of his benefits claim.

Appellant contends that the Board erred because the Appeals Referee only considered his inability to perform the duties of his usual occupation without considering that his doctor's medical certificate had cleared him for other full-time work.

Because the Appeals Referee did not address whether Appellant was able to work and available for work in a different occupation, the Board's decision is reversed and the matter is remanded to the Board for further proceedings consistent with the Court's decision.

## Factual Background

Appellant was last employed as a house manager.[1] The identity of Appellant's last employer, the dates of his employment, the reason for his separation, and the last date that he actually worked were not addressed in the Board's decision and are not included in the record.

## Procedural Background

Appellant submitted a claim for unemployment benefits, effective August 11, 2013.[2]

On August 19, 2013, James Rubano, M.D., of Delaware Orthopaedic Specialists, completed the DOL's "Claimant's Authorization for Release of Information/Doctor's Certificate" form.[3] Dr. Rubano indicated on that form that Appellant had been under his care since April 19, 2013 for right knee pain and total left knee replacement surgery. Dr. Rubano also indicated that although Appellant was totally disabled from performing the duties required in his current occupation between April 19, 2013 and September 30, 2013, Appellant was permitted to work full-time "sedentary desk work" with the restriction of "no physical activity." Dr. Rubano did not specify the exact date that Appellant was

---

[1] Record at 12 (hereinafter "R. at __").

[2] R. at 1.
       The claim form is not included in the record that the Board submitted to the Court.

[3] R. at 19.

3

permitted to perform other work on a full-time basis, but the DOL form did not prompt him to do so.

On August 30, 2013, the Claims Deputy issued a Notice of Determination and found that Appellant was ineligible for unemployment benefits pursuant to 19 *Del. C.* § 3315(3).[4] The Claims Deputy reasoned that Appellant was not able to work and was unavailable for work when he filed his claim because Appellant had "provided medical documentation indicating he [was] not available for work through [September 30, 2013]."[5] The Claims Deputy also found that Appellant would be ineligible for benefits until the week of September 29, 2013 and encouraged Appellant to reapply at that time.

The Claims Deputy did not address whether Appellant was able to and was available for work in a different occupation.

On September 9, 2013, Appellant appealed the Claims Deputy's determination.[6] Appellant asserted that he had been "continually seeking employment that would not be affected by the surgery that [he] had over three months ago on his left knee" and that he sought employment that was "office based and more geared toward a sedentary type of environment."[7]

---

[4] R. at 1 – 3.

[5] R. at 1.

[6] R. at 4 – 5.

[7] R. at 5.

On October 3, 2013, a telephone hearing was held. The Appeals Referee heard testimony from Marge Perry ("Ms. Perry"), a DOL Representative from the Pencader Unemployment Office[8], and from Appellant. Appellant's last employer was not notified of the hearing and did not provide any testimony or submit any documentation to the Appeals Referee.

Ms. Perry confirmed that Appellant had submitted a new claim for unemployment benefits (dated August 11, 2013) and the medical certificate completed by Dr. Rubano to the DOL.[9] She testified that, based on the medical certificate, the DOL determined that Appellant was not "entitled to benefits until after September 30th at which time he was encouraged to reapply."[10] Ms. Perry submitted a copy of the medical certificate for the record and acknowledged that Appellant's doctor had cleared Appellant for "desk work, no physical activity."[11]

Appellant testified that he was not "100 percent" and was unable to work his "present job as a house manager" but that he was capable of working in an office behind a desk.[12] He further testified that his employer told him that "unless [he]

---

[8] R. at 9.

       Ms. Perry's title and the nature of her position as representative for the DOL are not in the record.

[9] R. at 10.

[10] R. at 11.

[11] R. at 13.

[12] *Id.*

was 100 percent medically cleared, 100 percent no restrictions . . . [the employer] didn't want [him] back."[13]

Appellant maintained that although he was unable to climb stairs, squat, and move things, he reiterated that he "can work," he had been looking for "office based, sedentary based" jobs, and he had provided the DOL with a list of jobs for which he applied.[14] Ms. Perry confirmed that the DOL had received the list.[15]

That same day (October 3, 2013), the Appeals Referee issued a decision, affirming the Claims Deputy's determination.[16] The Appeals Referee concluded that Appellant was ineligible for unemployment benefits under 19 *Del. C.* § 3315(3). The Appeals Referee found that Appellant "presented medical documentation at the time he filed his unemployment claim that he was not able to work at that time and would be unable to work until September 30, 2013."[17] The Appeals Referee noted that Appellant had not provided "any new medical documentation" to show he is again able to work and available for work.[18]

The Appeals Referee did not address whether Appellant was able to and was available for work in a different occupation.

---

[13] R. at 12.

[14] R. at 12 – 13.

[15] R. at 14.

[16] R. at 16 – 21.

[17] R. at 17.

[18] *Id.*

On October 7, 2013, Appellant appealed the Appeals Referee's decision. Appellant asserted that the medical certificate shows that Dr. Rubano had medically cleared Appellant for work "conducive to the issue that [Appellant had]."[19] Appellant also represented that he had new documentation to support that he was able to work in August and September 2013.

The Board held a hearing on November 26, 2013. Appellant's last employer was not notified of the hearing and did not provide any testimony or submit any documentation to the Appeals Referee.

Appellant testified that he believed that "there must have been some sort of confusion as to what was written on the original [medical certificate], so [he] went back to [his] doctor to get a clear concise . . . date he was able and could return to work."[20] Appellant maintained that he was able to work as of August 1, 2013.[21] He submitted an October 7, 2013 note from Dr. Rubano in support of that assertion. The note, which was on Dr. Rubano's stationary, stated that Appellant was "able to return to work as of 8/1/13."[22]

Theresa Coombs-Attarian, a DOL representative, objected to Dr. Rubano's note because it was dated "well after the date of the original medical

---

[19] R. at 22.

[20] R. at 29.

[21] R. at 28.

[22] R. at 32.

documentation."[23]   Ms. Coombs-Attarian did not testify and, instead, opted to stand on the record.[24]

On December 4, 2013, the Board affirmed the Appeals Referee's decision that Appellant was ineligible for unemployment benefits and "adopt[ed] the [Appeals] Referee's decision as its own."[25]

The Board sustained the DOL's objection to Dr. Rubano's October 7, 2013 note because the note was not on the DOL's "official 'Doctor's Certificate' form," it was "drafted long after the date [Appellant] was apparently able to work," and it "directly contradicts the earlier Doctor's certificate."[26]   The Board found that the "evidence and testimony presented by [Appellant] was substantially the same as that offered to the Referee" and that it "may affirm 'any decision of an appeal tribunal on the basis of the evidence previously submitted in such case . . . .'"[27]

On December 12, 2013, Appellant appealed the Board's decision.  He filed an opening brief on March 17, 2014.

---

[23] R. at 29.
   Ms. Coombs-Attarian's title and the nature of her position as representative for the DOL are not in the record.

[24] R. at 30.

[25] R. at 34.

[26] R. at 33.

[27] R. at 34.

On April 14, 2014, the Board notified the Court that it did not intend to take a position on the merits of the case and would not submit an answering brief.[28]

## Appellant's Contentions

Appellant does not dispute that he was unable to work in his usual occupation as a house manager at the time that he submitted his claim for unemployment benefits.

Appellant contends that the Board erred in adopting the Appeals Referee's decision because the Appeals Referee failed to consider that the August 19, 2013 medical certificate shows that Dr. Rubano had cleared Appellant for full-time sedentary desk work with no physical activity. He also contends that the Board erred by not considering the October 7, 2013 note from Dr. Rubano, which Appellant obtained "[b]ecause [he] felt there was some confusion as to the original doctor's certificate."[29]

## Standard of Review

On appeal from a Board decision, the Court's role is limited to determining whether the Board's factual findings are supported by substantial evidence in the record and the decision is free from legal error.[30] Substantial evidence is "such

---

[28] Ltr. to the Court from Catherine Damavandi, Esq. (Apr. 14, 2014).

[29] Opening Br., 1 (Mar. 25, 2014).

[30] 19 *Del. C.* § 3323(a) ("In any judicial proceeding under this section, the findings of the Unemployment Insurance Appeal Board as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the

9

relevant evidence that a reasonable mind would accept as adequate to support a conclusion."[31]  The Court does not weigh evidence, determine questions of credibility, or make findings of fact.[32]

A decision that is supported by substantial evidence and is free from legal error will be affirmed.[33]  However, if the Court finds that "there were no adequate findings of fact and conclusions of law on [a] pivotal issue, the decision of the Board must be reversed and remanded for further proceedings."[34]

## Discussion

In order to receive unemployment benefits, a claimant must be unemployed and statutorily eligible for such benefits.[35]  Pursuant to 19 *Del. C.* § 3315(3), "[a]n unemployed individual shall be eligible to receive benefits with respect to any

---

jurisdiction of the Court shall be confined to questions of law"); *Unemployment Ins. Appeal Bd. v. Duncan*, 337 A.2d 308, 308 – 09 (Del. 1975).

[31] *Ezekielokorie v. Brandywine Nursing Home*, 2011 WL 6034784, * 1 (Del. Super. Dec. 2, 2011) (citing *Oceanport Indus., Inc. v. Wilm. Stevedores, Inc.*, 636 A.2d 892, 899 (Del. 1994)).

[32] *Thompson v. Christiana Care Health Sys.*, 25 A.3d 778, 782 (Del. 2011).

[33] *Hampton v. Courtland Manor*, 2013 WL 1860861, *3 (Del. Super. Apr. 29, 2013).  *But see Mullen v. Unemployment Ins. Appeal Bd.*, 2007 WL 1653501, *2 (Del. Super. Mar. 27, 2007) (reversing a Board decision that was not supported by substantial evidence).

[34] *Bd. of Educ., Capital Sch. Dist. v. Johns*, 2002 WL 471175, *2 (Del. Super. Mar. 27, 2002).

[35] *Powell v. Generations Home Care, Inc.*, 2012 WL 1415760, *1 (Del. Super. Feb. 9, 2012).  *See also Div. of Unemployment Ins. v. Unemployment Ins. Appeal Bd.*, 1990 WL 58214, *2 (Del. Super. July 25, 1990) (finding that the DOL must first determine whether the claimant is eligible for unemployment benefits before determining whether the claimant is disqualified from receiving such benefits).

week only if the [DOL] finds that the individual: [i]s able to work and is available for work and is actively seeking work . . . ."[36]

Although the terms "able to work" and "available for work" are "complementary[,] they are not synonymous."[37] Both terms must be met in order to receive unemployment benefits.[38] The claimant has the burden of proving, by a preponderance of the evidence, that he is "able to work" and "available for work."[39]

Under Delaware law, "unemployment compensation is not health insurance and . . . its benefits are not available to those who are unable to work due to illness."[40] Thus, where a claimant submits a medical certificate that shows he is unable to work his "usual" occupation, the Board is still required to consider whether the claimant is "available for work."[41]

A claimant is considered "available for work" if he "is willing, able and ready to accept employment which [he] has no good cause to refuse, that is, [he] is

---

[36] 19 *Del. C.* § 3315(3).

[37] *Petty v. Univ. of Del.*, 450 A.2d at 395.

[38] *Powell v. Generations Home Care, Inc.*, 2012 WL 1415760 at *1. *See also Nilnamow v. E.F. Techs., Inc.*, 2011 WL 1102977, *4 (Del. Super. Mar. 24, 2011) ("In order to qualify for unemployment benefits, a claimant must be both able to work and available for work").

[39] *Petty v. Univ. of Del.*, 450 A.2d at 395. *See also Hampton v. Courtland Manor*, 2013 WL 1860861 at *2.

[40] *Morris v. Unemployment Ins. Appeal Bd.*, 340 A.2d 162, 163 (Del. 1975).

[41] *Drewry v. Air Liquide-Medal, LLC*, 2011 WL 6400550, *2 (Del. Super. Dec. 13, 2011).

genuinely attached to the labor market."[42]    Availability is a subjective determination that is measured by the claimant's ability "to secure work . . . in an identifiable labor market."[43]  The claimant's physical limitations due to his medical condition, his education, training, and experience, and the available labor market for a person who possesses his attributes are considered in determining his "availability for work."[44]

The claimant need not be available for his "usual type of work; availability for a different type of work will suffice."[45]  Thus, even if a claimant's doctor prohibits him from performing his normal job functions, the claimant is eligible for unemployment benefits if he is able to work and is qualified for work, albeit in a different occupation.[46]

In the instant case, Appellant was not able to work his usual occupation as a house manager.  Appellant submitted a medical certificate that showed he was unable to work his current occupation from April 19, 2013 through September 30, 2013.  He also testified before the Appeals Referee that he was not able to work his

---

[42] *Petty v. Univ. of Del.*, 450 A.2d at 395.  *See also Briddell v. DART First State*, 2002 WL 499437, *1 (Del. Super. Mar. 28, 2002).

[43] *Watson v. Unemployment Ins. Appeal Bd.*, 2012 WL 1415785, *2 (Del. Super. Jan. 31, 2012).  *See also Drewry v. Air Liquide-Medal, LLC*, 2011 WL 6400550 at *2.

[44] *Petty v. Univ. of Del.*, 450 A.2d at 396.

[45] *Nilnamow v. E.F. Techs., Inc.*, 2011 WL 1102977 at *4.  *See also Powell v. Generations Home Care, Inc.*, 2012 WL 1415760 at *1 ("The claimant is not required to be available for her usual type of work.  Her availability for another type of work is sufficient"); *Briddell v. DART First State*, 2002 WL 499437 at *1.

[46] *Petty v. Univ. of Del.*, 450 A.2d at 395.

"present job as a house manager."  Thus, the central issue was whether he was "able to work" and "available to work" in another position.

The Board determined that Appellant was ineligible for unemployment benefits based on the Appeal's Referee's finding that Appellant was unable to work and would not be able to work until September 30, 2013.  According to the medical certificate that Appellant submitted to the DOL, Appellant was totally disabled from performing the duties required by his *usual* occupation as a house manager through September 30, 2013.  However, the medical certificate also indicated that Appellant was permitted to work full-time sedentary desk work with the restriction of no physical activity.  Indeed, Appellant testified that he "can work," he was capable of working, and that he had been searching for desk work in an office.

Although there is evidence in the record that Appellant was permitted to perform other work on a full-time basis, the Appeals Referee did not address whether Appellant was "able to work" and "available for work" within the meaning of 19 *Del. C.* § 3315(3).  The Appeals Referee broadly denied Appellant's claim for unemployment benefits without specifying the medical condition or restrictions that precluded Appellant from working in any other type of occupation. It is unclear whether the Appeals Referee ever considered whether Appellant was able to work in a different occupation.  The Appeals Referee did not make any

13

findings as to Appellant's physical limitations due to his unspecified medical condition or his requisite education, training, and experience in an identifiable labor market, which are necessary to determine if the Appellant was able to work in a different occupation than a house manager prior to September 30, 2013.

On remand, the Board should specifically address whether Appellant could be considered disabled from any type of work for which he is qualified.[47] In addition, the Board should articulate its specific reasons for finding that Dr. Rubano's October 7, 2013 note "directly contradicts" the medical certificate, given that the DOL form did not prompt Dr. Rubano to specify the date that Appellant was able to perform sedentary desk work and Appellant presented the note in an effort to clarify any confusion as to the date.

## Conclusion

Because the Board did not address Appellant's "availability for work," the Court is unable to determine whether there is substantial evidence in the record to support the Board's factual findings.

---

[47] *See Nilnamow v. E.F. Techs., Inc.*, 2011 WL 1102977 at *5 (expressing the Court's "significant concerns about the evidence supporting the appeals referee's determination that [the claimant] was unable to work at his regular occupation" and physically unable to work without restriction in his identifiable labor market" because the medical certificates he presented at the hearing stated that he could perform full-time work with a 20-lb. lifting restriction and the claimant testified that he was willing to work subject to that restriction).

14

Accordingly, the Board's decision is **REVERSED** and the matter is **REMANDED** to the Board "for further consideration and with the instructions to the Board to state its conclusions with particularity."[48]

**IT IS SO ORDERED.**

_____
Diane Clarke Streett
Judge

Original to Prothonotary

cc:    Michael J. Tucker, *Pro Se* Appellant
       Catherine Damavandi, Deputy Attorney General

---

[48] *Patterson v. Red Clay Consol. Sch. Dist.*, 2013 WL 4522167, *4 (Del. Super. June 28, 2013) (citing *Alfree v. Johnson Controls, Inc.*, 1996 WL 190015, *1 (Del. Super. Mar. 20, 1996)).