Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Joseph John Enzana, Appellant.

Argued January 9, 1976, before Judges KRAMER, WILKINSON, JR., and MENCER, sitting as a panel of three.

*Joseph John Enzana,* appellant, for himself.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE KRAMER, March 17, 1976:

This is an appeal by Joseph J. Enzana from an order of the Unemployment Compensation Board of Review dated June 4, 1973, which affirmed a referee's determination that Enzana was liable for a "fault overpayment" of $480.00 in accordance with Section 804(a) of the Unemployment Compensation Law.[1] The only issue before us is whether the facts support a conclusion that a "fault overpayment" has occurred. We hold that they do and affirm.

Enzana was employed by P.K.F. Construction Company as a union laborer until September 22, 1971. After being separated from this employment he applied for and began receiving unemployment compensation benefits. While he was receiving benefits Enzana was recalled to work (effective November 15, 1971) by a prior employer (J. D. Tool and Machine Company). J. D. Tool and Machine offered to restore Enzana's previous job with full seniority rights. Enzana refused this offer, because

---

1. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §874(a).

after his separation from J. D. Tool and Machine he had joined the Laborers' Union, and he preferred to be unemployed rather than jeopardize the benefits he derived from union membership. P.K.F. was a union employer, and J. D. Tool was not. .

Under regulations of the Bureau of Employment Security, J. D. Tool was obligated to inform the Bureau of Enzana's refusal within three days, which it did not do.[2] The Bureau did receive word of the refusal on February 24, 1972, and, on March 17, 1972, the Bureau issued a determination that Enzana was ineligible on the basis of Section 401(d) of the Act, 43 P.S. §801(d). The crux of this determination was that, during the weeks in question, Enzana was not realistically attached to the labor market because he had limited his availability to only employers who use the services of the Laborer's Union.

This determination was appealed to a referee, who affirmed the Bureau. An appeal to the Board yielded the same result, and no further appeal was taken.

Because the effect of this final adjudication was a conclusion that Enzana had not been eligible during eight weeks when he actually received benefits, the Bureau, on February 16, 1973, issued a determination of "fault overpayment" under Section 804(a). This section reads as follows:

"(a)   Any persons who *by reason of his fault* has received any sum as compensation under this act to which he was not entitled shall be liable to repay to the Unemployment Compensation Fund to the credit of the Compensation Account a sum equal to the amount so received by him. Such sum shall be collectible (1) in the manner provided in section three hundred eight point one (308.1) or section three

---

2.   Because of this lack of compliance, the Bureau did not deem J. D. Tool and Machine's offer a "valid offer," the refusal of which would terminate benefits.

hundred nine (309) of this act for the collection of past due contributions, or (2) by deduction from any future compensation payable to the claimant under this act. . . ." (Emphasis added.)

Enzana appealed this determination to a referee and to the Board, both of which affirmed the Bureau. Enzana now appeals to us.

There is very little decisional law interpreting Section 804(a). The only case which we find useful is *Daniels v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 241, 309 A. 2d 738 (1973), in which Judge MENCER cited with approval the following definition of the term "fault" found in *Mills Unemployment Compensation Case*, 164 Pa. Superior Ct. 421, 65 A. 2d 436 (1949), *rev'd. on other grounds*, 362 Pa. 342, 67 A. 2d 114, (1949):

> " 'Fault' is more than volition, more than a voluntary act. Whether its lexical or legal meaning be consulted, 'fault' always connotes an act to which blame, censure, impropriety, shortcoming, or culpability attaches'." (Footnotes omitted.) 10 Pa. Commonwealth Ct. at 246, 309 A. 2d at 741-42.

The "fault" which the referee found in Enzana's conduct is described in the "reasoning" portion of the adjudication, where the referee noted that (1) "the record does not indicate that he [Enzana] ever offered" information concerning his interest in only union jobs and (2) Enzana had read an information pamphlet and understood its contents (the pamphlet presumably explaining the compensation eligibility requirements).

The record contains Enzana's "UC-100 Card", which shows Enzana's signature under a statement which reads "I have read the information pamphlet and understand its contents." Unfortunately, the pamphlet is not part of the record, and, being unaware of its contents, we cannot conclude that *on the basis of the pamphlet* Enzana knew

or should have known that his availability limitation might affect his eligibility for benefits.

However, we can accept the referee's finding that Enzana continued to sign up for benefits without notifying the Bureau of his refusal to accept nonunion employment. The findings in the first proceeding have been incorporated into the instant adjudication, and they establish that Enzana did, in fact, so limit his availability. Enzana does not even allege that he provided any notice to the Bureau concerning the limitation on the work he would accept, and, under these circumstances, we conclude that Enzana's failure to inform the Bureau constituted "fault" under Section 804(a) of the Act. Unquestionably, had Enzana told the Bureau that he would not work a nonunion job, he would not have received benefits.

Accordingly, we

ORDER

AND NOW, this 17th day of March, 1976, the order of the Unemployment Compensation Board of Review in the above-captioned matter, dated June 4, 1973, is affirmed.