W. C. McQuaide, Inc., Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and Joseph F. LaPorta, Respondents.

Argued February 8, 1980, before Judges ROGERS, MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Deborah A. Hughes,* with her *Walter K. Swartz-kopf, Jr.,* for petitioner.

*William J. Kennedy,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondents.

OPINION BY JUDGE WILLIAMS, JR., April 8, 1980:

This is an appeal by employer W. C. McQuaide, Inc. from an order of the Unemployment Compensation Board of Review granting unemployment benefits to claimant Joseph F. LaPorta. That order reversed a decision by the Referee that the claimant was ineligible for benefits because he had engaged in ''willful misconduct'' within the meaning of Section 402(e) of the Unemployment Compensation Law. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

The claimant worked as a loader for McQuaide, Inc. until July 5, 1977, when the employer discharged him following an alleged incident of stealing. Following a hearing, the Referee denied benefits on the ground that the claimant had not met ''certain standards of behavior which the employer has the right to expect of his employees.'' Specifically, the Referee found that the claimant performed his duties in a ''slow and sloppy manner''; and that he had not properly secured a certain reel of wire, resulting in the reel falling from a trailer onto the road. The Referee also found that the employer had warned claimant about his methods of performing his duties. The Referee concluded that the claimant's actions constituted ''willful misconduct''.

The Board reversed the Referee's decision, finding that claimant did not steal as alleged. The Board ruled that employer did not meet its burden of proving "willful misconduct" by the claimant. Following an appeal by the employer, the Board granted an additional hearing. The Board then affirmed its earlier ruling granting benefits to Joseph LaPorta. It is that latter order which the employer has appealed to this Court for review.

A complete record that accurately presents the full testimony of each witness is essential if this Court is to perform its statutory obligation of reviewing Board action on timely appeal. In the past, when the record of a proceeding before the Board has appeared incomplete or ambiguous, we have remanded to the Board with instructions to consider additional testimony, if necessary, to complete the record. *See, e.g., Clark v. Department of Public Welfare,* 45 Pa. Commonwealth Ct. 38, 404 A.2d 774 (1979); *Heefner v. Unemployment Compensation Board of Review,* 28 Pa. Commonwealth Ct. 527, 368 A.2d 1382 (1977); *Unemployment Compensation Board of Review v. Kells,* 22 Pa. Commonwealth Ct. 479, 349 A.2d 511 (1975). The record of the testimony in this case is in an unacceptable state. Too much of the testimony, as it is transcribed, leaves no meaning at all. In addition, the transcription too often utilizes the designation "inaudible" as a substitute for ascertaining what a witness said.

We therefore deem it appropriate to remand this case to the Board to fill the gaps that now appear in the record, for the taking of additional evidence should the Board consider it necessary, and to make its findings on a complete record.

## Order

And Now, the 8th day of April, 1980, the record in the above-captioned matter is hereby remanded to the

Unemployment Compensation Board of Review for additional proceedings consistent with the above opinion.

President Judge Bowman did not participate in the decision in this case.