Steven L. Kissinger, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 10, 1980, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*John E. Feather, Jr.*, with him *Gregory Paulson*, for petitioner.

*Gary Marini*, with him *James Bradley*, Assistant Attorneys General, *Richard Wagner*, Chief Counsel and *Edward G. Biester, Jr.*, Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, April 21, 1980:

Steven L. Kissinger (Claimant) appeals from orders of the Unemployment Compensation Board of Review (Board) which affirmed the decision of the referee denying Claimant benefits under Section 401

626

(d) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., (1937) 2897, *as amended,* 43 P.S. §801(d)[1] and finding him liable for a "fault" overpayment under Section 804 (a) of the Law. 43 P.S. §874(a).[2] We affirm.

The facts of the case are not in dispute. Claimant was honorably discharged from the United States Army in September of 1976. Shortly thereafter he applied for and began to receive benefits under the Law. In January of 1977, Claimant, who had been unable to find work, began full time studies at Harrisburg Area Community College (HACC). In April of 1978, the Unemployment Compensation Bureau (Bureau) learned that Claimant had been a full-time student since January of 1977. Benefits were duly suspended and Claimant was found liable for a "fault" overpayment on benefits received from January 15, 1977 to June 3, 1978.[3]

The issues presented are 1) whether the Board's finding that Claimant is a full-time student and unavailable for full-time work is supported by substantial evidence and 2) whether Claimant is liable for a "fault" overpayment due to his failure to inform the Bureau of his status as a student.

---

[1] Section 401(d) provides as follows:

Compensation shall be payable to any employe who is or becomes unemployed, and who—

. . . .

(d) Is able to work and available for suitable work. . . .

[2] Section 804(a) of the Law provides, in pertinent part, as follows:

(a) Any person who by reason of his fault has received any sum as compensation under this act to which he was not entitled shall be liable to repay to the Unemployment Compensation Fund to the credit of the Compensation Account a sum equal to the amount so received by him.

[3] This case originated as four separate appeals which have been consolidated for review by this Court.

Claimant first argues that he is essentially a worker who attends school and that his primary purpose is to obtain full-time employment. He avers that he would have left school at any time to take an offer of full-time employment.

There is a rebuttable presumption that a full-time student is not available for work and, therefore, not genuinely attached to the labor market. *Woodley v. Unemployment Compensation Board of Review*, 13 Pa. Commonwealth Ct. 8, 317 A.2d 897 (1974). Claimant relies on our decision in *Unemployment Compensation Board of Review v. Siene*, 24 Pa. Commonwealth Ct. 430, 357 A.2d 228 (1976) for his contention that the presumption has been rebutted by the evidence in this case. We cannot agree.

In *Siene*, the claimant had been employed for one and one-half (1½) years before being laid off due to lack of work. She had attended college full-time while employed and continued to do so after being laid off. She had demonstrated a willingness to reschedule classes in order to work as well as an intent to quit school in order to work. This Court held that Siene had successfully rebutted the presumption that she was not realistically attached to the labor market.

Claimant's reliance on *Siene* is clearly misplaced. The record shows that Claimant did not work at all while attending school full-time and, in fact, informed the Bureau in April of 1978 that he would not accept employment at Fort Indiantown Gap, where he had been employed part-time during the summer of 1977, because it would interfere with summer classes at HACC. The record shows further that Claimant's summer employment in 1978 was in the afternoon so that he was free to attend classes in the morning.

In *Lipchak v. Unemployment Compensation Board of Review*, 43 Pa. Commonwealth Ct. 451, 383 A.2d 970 (1978), this Court enumerated the factors to be

considered when a full-time student seeks to rebut the presumption of unavailability. Briefly stated, they include: " 'Employment history, and particularly the duration of full-time employment; economic requirements, especially those related to support obligations; and good faith efforts to obtain unconditional, full-time employment.' " *Id.* at p. 454-55, 383 A.2d at 971-72. (footnotes omitted).

The record shows that Claimant's sole full-time employment was his military experience. The Board does not discount this experience, but recognizes the difference between military and civilian work histories. Even were the Board to find Claimant's military experience to be a long period of full-time employment, this is only one of several considerations. The record also shows that Claimant lives with his parents, has no dependents, and receives full benefits under the G.I. Bill while attending school as a full-time student. Although the Claimant testified that while attending school he did apply for full-time employment at some trucking firms, the fact remains that the only employment he secured was during summer vacations. We cannot say as a matter of law that the Board erred when it concluded from those circumstances that Claimant was not generally available for work because he was primarily a student attending school.

Claimant urges that even if we should find that he was not entitled to benefits for the period from January 1977 to June 1978, we should hold that his receipt of those benefits was not his fault and recoupment under Section 804(a) of the law, 43 P.S. §874(a) should not be granted.

Claimant contends that he informed the Bureau of his enrollment at HACC in January of 1977. The Bureau claims it has no record of Claimant's contacts with them regarding his attendance at college. Repre-

sentatives of the Bureau testified that, had they been informed of Claimant's enrollment as a full-time student, they would have removed Claimant from "mail claim" and a decision on availability would have been made. Further, the card on which Claimant's visits to the Bureau were recorded does not show that he appeared on the day he claims to have made the statement regarding his attendance at college.

The referee and the Board chose not to believe the Claimant and the Board, as the factfinder, will not be second guessed by this Court on review. *Yasgur v. Unemployment Compensation Board of Review,* 16 Pa. Commonwealth Ct. 33, 328 A.2d 908 (1974).

Claimant further argues, however, that even if he did fail to inform the Bureau of his status, this would not constitute grounds for a finding of "fault" under Section 804 of the Law. We cannot agree.

This Court has held that "fault" can be found only where " 'blame, censure, impropriety, shortcoming, or culpability attaches' " to the claimant. *Rozanc v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 369, 371, 366 A.2d 611, 612 (1976).

In *Unemployment Compensation Board of Review v. Enzana,* 24 Pa. Commonwealth Ct. 88, 354 A.2d 30 (1976), this Court held that the claimant's failure to inform the Bureau that he would accept only union work justified a finding of "fault."

Here, the Board found that Claimant withheld from the Bureau the fact of his enrollment as a full-time student. The record clearly shows that the Bureau would not have paid the benefits in question had they been aware of Claimant's studies. The fact that entitlement to benefits is directly affected by the information withheld was a determinative point in *Enzana.* The proper functioning of the Bureau depends in large part on the honesty and cooperation

of the claimants. Where, as here, the claimant is found to have withheld information that would surely result in a denial of benefits, the Board's finding of "fault" cannot be held to be an error of law.

ORDER

AND Now, this 21st day of April, 1980, the orders of the Unemployment Compensation Board of Review, dated January 25, 1979, denying benefits to Steven L. Kissinger and providing for recoupment of overpayment under Section 804(a) of the Law are hereby affirmed.