Jimmie Lee Carter, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 17, 1981, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*William Zacharellis,* with him *Francis W. Roscoe, II,* for petitioner.

*John T. Kupchinsky,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE MENCER, April 1, 1982:

Jimmie Lee Carter (claimant) has appealed from an order of the Unemployment Compensation Board

of Review (Board) affirming a referee's decision which held that the claimant was ineligible for unemployment compensation benefits and that a fault overpayment of $2,397 is subject to recovery. The reasons for the disqualification were twofold: (1) The claimant was disqualified under Section 402(a) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(a), for his failure to accept suitable work offered by his employer during part of the period he received benefits, and (2) the claimant was disqualified under Section 401(d) of the Act, 43 P.S. §801(d), in that he was certified disabled by a physician from August 20, 1979 through October 14, 1979 and therefore was not able to work and was not available for suitable work. The Board also affirmed a fault overpayment in the amount of $2,397, finding that the claimant deliberately withheld information from the Office of Employment Security concerning his ineligibility and thus was liable under Section 804(a) of the Act, 43 P.S. §874(a) (allowing for the recoupment of fault overpayments).

The claimant asserts that the decision of the Board is unsupported by substantial evidence in that (1) the record of the proceedings is incomprehensible, (2) the referee acted as a witness rather than as an impartial factfinder, and (3) the evidence is insufficient as to the reasons for the determination that the claimant was unavailable for recall to work. For purposes of our discussion, we will deal with the claimant's contentions in reverse order.

The referee found, and the Board affirmed, that the claimant was disqualified, for a portion of the claim period, under Section 402(a) of the Act because he refused to accept suitable work offered by his employer. The referee found specifically that the

employer, by letter of July 16, 1979, had offered claimant employment at a jobsite in Allentown and also offered him employment by letter of September 18, 1979 at a jobsite in Easton, Pennsylvania.

The reason advanced by the claimant for failing to respond to the offer was that he felt he did not want to drive from his house in Scranton to Allentown, despite the fact that previously he had regularly driven from Scranton to Easton jobsites. Throughout the record, the claimant reiterated that he felt that he would not be required to accept work if he had to drive more than 50 miles to do so. A further reason advanced for not accepting this employment was claimant's alleged lack of suitable transportation.

We find that all of claimant's arguments respecting his failure to respond to the Allentown offer are without merit. When a claimant fails to apply for or accept suitable work, the reasons offered for the refusal must be substantial and reasonable, not arbitrary, whimsical, capricious or immaterial. *Hill v. Unemployment Compensation Board of Review*, 52 Pa. Commonwealth Ct. 141, 415 A.2d 711 (1980). Numerous cases decided by this court have held that the failure by a claimant to make any effort to overcome a transportation problem or investigate alternative ways of transportation to proffered employment displays conduct inconsistent with a desire to work and be self-supporting which is a requisite under Section 402(a). *Hill v. Unemployment Compensation Board of Review; Morrison v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 211, 407 A.2d 486 (1979); *Zysk v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 409, 316 A.2d 663 (1974).

The employer's letter of September 18, 1979 advised claimant of the availability of work and invited

his response within three days of receipt. The claimant's offered reason for failing to respond was that he received the letter late (thinking he only had three days from September 18 to respond) and that the employer probably had already offered the work to someone else. Again, we find this reasoning to be meritless. The employer's letter, in plain, intelligible language, gave claimant three days from its receipt to make a response. His failure to make any effort at all to inquire or respond to the offer demonstrates a lack of good-faith effort on the claimant's part. As we stated in *MacDonald v. Unemployment Compensation Board of Review,* 17 Pa. Commonwealth Ct. 494, 498, 333 A.2d 199, 200 (1975), ''[w]e have before us a clear offer of employment from an employer and a clear rejection of that offer.''

The Board also found the claimant disqualified during the period of August 20, 1979 through October 14, 1979 because he reported to his employer that he was physically unable to work and his physician certified him as disabled from August 20, 1979 through October 14, 1979. This finding mandated that claimant be deemed ineligible for unemployment during this period since, under Section 401(d), the claimant must be able to work and be available for suitable work in order to be entitled to benefits. Unemployment compensation is not health insurance and it does not cover the physically or mentally ill during the periods they are unemployable. *Ruppert Unemployment Compensation Case,* 200 Pa. Superior Ct. 514, 189 A.2d 922 (1963).

The claimant's only objection to the Board's determination of his ineligibility under Section 401(d) is that it was based on the hearsay report of the claimant's physician. However, we have held that hearsay testimony admitted without objection will be given

its natural and probative effect and may support a finding of the Board if it is corroborated by any competent evidence in the record. *Bracy v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 173, 382 A.2d 1295 (1978). A review of the record evidences many instances in which the doctor's report was corroborated by the claimant's testimony.

In addition, our decision in *Dorsey v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 479, 399 A.2d 809 (1979), held that a doctor's medical report, although hearsay as such, was admissible under the recognized rule of representative admissions where the claimant is given full opportunity to detail facts surrounding submission and preparation of the report. The record in the instant case reveals that, although the claimant himself may not have felt he was totally disabled, his physician certified him as such to the employer and did not release him for work until October 14, 1979. We are satisfied that the claimant had adequate opportunity to explain the circumstances surrounding the physician's report and it was properly admitted into evidence.

We next turn our attention to the question of whether there is substantial evidence to sustain a finding of fault overpayment under Section 804(a) of the Act, such that the $2,397 in benefits paid to the claimant is subject to recoupment. Section 804 (a) of the Act provides as follows:

(a) Any person who by reason of his fault has received any sum as compensation under this act to which he was not entitled shall be liable to repay to the Unemployment Compensation Fund to the credit of the Compensatioon Account a sum equal to the amount so received.

by him. Such sum shall be collectible (1) in the manner provided in section three hundred eight point one (308.1) or section three hundred nine (309) of this act [43 P.S. §788.1 or 789] for the collection of past due contributions, or (2) by deduction from any future compensation payable to the claimant under this act: Provided, That no administrative or legal proceedings for the collection of such sum shall be instituted after the expiration of six years following the end of the benefit year with respect to which such sum was paid.

The word "fault," within Section 804(a) of the Act, connotes an act to which blame, censure, impropriety, shortcoming, or culpability attaches. *Patrick v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 238, 398 A.2d 1095 (1979). We think the record before the Board clearly establishes the fault of the claimant. A fair reading of the record establishes that the claimant withheld information from the Office of Employment Security that was material to his eligibility for unemployment benefits. We held in *Kissinger v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 624, 413 A.2d 753 (1980), that, where the claimant withheld information which surely would have resulted in a denial of benefits, the Board's finding of "fault," rendering claimant liable for overpayments, could not be held to be an error of law. We find this rule dispositive of the fault-overpayment question in this case.

We now turn briefly to the other issues raised by the claimant. The claimant has also contended that the record before the Board is insufficient because the referee was testifying against the claimant rather than acting as an impartial finder of facts. The rec-

ord reveals that the referee did no more than frame her questions to the claimant based upon the exhibits in the record before her. The Board and its referee were merely discharging their duty to protect the unemployment compensation fund from ineligibile claimants and to investigate all facts in a given case. *DiGiovanni v. Unemployment Compensation Board of Review*, 44 Pa. Commonwealth Ct. 605, 404 A.2d 449 (1979). The claimant's argument in this regard is therefore without merit.

Finally, claimant argues that the record lacks substantial evidence to sustain the findings of the Board because the record of the proceedings itself is incomprehensible. Again, we are compelled to reject the claimant's contention. Although several parts of the claimant's answers are inaudible, a reading of the record of the testimony reveals that it is not so incomplete or ambiguous as to require us to remand this case to the Board but rather constitutes a record that allows this court to perform its statutory obligation of reviewing Board actions. *W. C. McQuaide, Inc. v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 372, 413 A.2d 14 (1980).

Therefore, we enter the following

### Order

And Now, this 1st day of April, 1982, the order of the Unemployment Compensation Board of Review, denying unemployment compensation benefits to Jimmie Lee Carter and determining a fault overpayment, subject to recovery, of $2,397 against Jimmie Lee Carter, is hereby affirmed.

Judge Palladino did not participate in the decision in this case.