James W. Kirkpatrick, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs May 7, 1982, to Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*George O. Sewall,* for petitioner.

*Francine Ostrovsky*, Associate Counsel, with her *Richard L. Cole, Jr.*, Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., September 16, 1982:

James W. Kirkpatrick (claimant) has appealed from an order of the Unemployment Compensation Board of Review (Board) denying him benefits on the ground of willful misconduct under Section 402(e) of the Unemployment Compensation Law (Law).[1]

The claimant was last employed as a plater by American Plating, Inc. On October 8, 1979, he was supposed to come to work at 3:00 p.m., but did not report as scheduled. Shortly after 3:00, the claimant telephoned his supervisor and asked to have the day off. When that request was denied, the claimant came to his place of work about 4:00 p.m.; and upon his arrival, he was directed to see the company president immediately. Following his meeting with the president, the claimant was given a 5-day suspension, which was subsequently converted into a discharge.[2] The asserted basis for the employer's action against the claimant was a charge by the company that the claimant was inebriated when he reported to work on October 8.

The claimant's application for unemployment benefits was denied by the Office of Employment

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

[2] Under the labor-management agreement between the employer and the claimant's union, the employer reserved the right to discharge any employee at any time for proper cause. The agreement also provides that the first 5 days following a discharge shall be treated as a period of suspension, to allow the employee an opportunity to be heard. If there is no written protest by the employee during the 5-day period, the discharge becomes permanent. The claimant filed no such protest, even though he was timely notified that the employer reserved the option to make his dismissal permanent at the end of 5 days.

Security (Office), on the ground of willful misconduct. The claimant appealed that determintion to a referee, who, after a hearing held on January 4, 1980, reversed the Office and awarded benefits. When the employer appealed the referee's decision to the Board, the matter was remanded to the referee for a new hearing; because the record of the testimony from the first hearing had been lost. A remand hearing was held on March 18, 1980; and in attendance were the claimant, his lawyer, and witnesses for the employer. On May 9, 1980, the Board ordered yet another remand hearing, to resolve certain issues. On May 20, 1980, the second remand hearing was held; again present were the claimant, his lawyer, and the employer's witnesses.

The company president testified that when the claimant came into his office on October 8, 1979, the claimant was in a state of intoxication. On that occasion, according to the president's testimony, he asked the claimant if he had been drinking, and the claimant replied in the affirmative. The president further testified that, because of the claimant's condition on the day in question, the claimant was ordered to be escorted from the company premises. The plant superintendent, who escorted the claimant from the premises that day, also testified that the claimant obviously had been drinking.

The claimant, in his own testimony, admitted that he had been drinking prior to coming to work on October 8, 1979. But, according to him, he had no more than a few beers that day. The claimant also opined that his drinking was not the real reason for his discharge.

Based on the record testimony, the Board found that the claimant had, in fact, reported to his scheduled work shift in a state of intoxication; and that he was discharged for that reason. Having made those findings, the Board concluded that the claimant was

guilty of willful misconduct under Section 402(e) of the Law. The Board thus reversed the referee's decision, and denied the claimant benefits. From that order the instant appeal followed.

In this appeal the claimant argues, first, that the employer did not meet its burden of proving willful misconduct. That assertion is utterly devoid of merit. It is well settled that reporting to work in an intoxicated condition is willful misconduct. *E.g., Durst Buster Brown v. Unemployment Compensation Board of Review*, 56 Pa. Commonwealth Ct. 135, 424 A.2d 580 (1981). In an unemployment compensation case the Board is the ultimate fact-finder. *E.g., Gane v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 292, 398 A.2d 1110 (1979). And, it is now axiomatic that the findings of the Board are binding on this Court when they are supported by substantial evidence. *E.g., Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977). Clearly the employer's evidence in the instant case amply supported the Board's findings; and those findings supported the Board's conclusion, as a matter of law.

The claimant also presents the notion that, because the record of the testimony from the initial hearing became unavailable to the Board, the award of benefits initially made by the referee should be reinstated. In short, the claimant asserts that the Board had no legal power to remand the case for a new hearing after the record of original testimony became lost. That contention is also meritless; and patently so. Under Section 203(d) of the Law,[3] the Board has the duty, and hence the power, to take such action required for the hearing and disposition of appeals as it deems necessary and consistent with the

---

[3] 43 P.S. §763(d).

Law. *Fisher v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 518, 393 A.2d 1304 (1978). When the Board receives a record that is seriously incomplete, the Board must conduct further proceedings to cure that defect. *See W. C. McQuaide, Inc. v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 372, 413 A.2d 14 (1980). Certainly, the Board's obligation can be no less where there is no record whatsoever of the prior testimony. It should be reiterated, moreover, that at each of the remand hearings ordered by the Board in this case, the claimant was in attendance as a witness and was represented by counsel.[4]

For the reasons set forth in this opinion, the order of the Board denying benefits is affirmed.

ORDER

AND Now, the 16th day of September, 1982, the Order of the Unemployment Compensation Board of Review at Decision No. B-186944 is affirmed.

---

[4] The claimant asserts, in the "conclusion" of his brief, that he was prejudiced because the lost original record contained testimony that was favorable to him. However, he does not indicate what the alleged testimony was or how it was favorable. Furthermore, the claimant's brief contains no formal legal "argument" on this point or any other point in this case. In short, the claimant's brief does not comply with Pa. R.A.P. 2111(a).