**Paul A. LEONE, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 10, 2005.

Decided Aug. 11, 2005.

Ordered Published Oct. 28, 2005.

---

78

Mark H. Tulloss, Philadelphia, for petitioner.

Paul R. Jordan, Asst. Counsel and Gerard M. Mackarevich, Deputy Chief Counsel, Harrisburg, for respondent.

BEFORE: SMITH–RIBNER, Judge, and PELLEGRINI, Judge, and COHN JUBELIRER, Judge.

OPINION BY Judge SMITH–RIBNER.

■ Paul A. Leone (Claimant) petitions for review of the order of the Unemployment Compensation Board of Review (Board) denying benefits under Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e), which provides in pertinent part that an employee shall be ineligible for compensation for any week "[i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work...."[1] Claimant contends that a non-attorney's representation of Blue Ribbon Vending Company (Employer) at an unemployment compensation hearing was improper and that the Board violated his due process rights by making a decision based upon an incomplete record due to the disruptive behavior of Employer's representative.

---

1. The term "willful misconduct" has been defined as the wanton and willful disregard of the employer's interests; the deliberate violation of rules; the disregard of standards of behavior which an employer can rightfully expect of its employee; or negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations. *Navickas v. Unemployment Compensation Board of Review,* 567 Pa. 298, 787 A.2d 284 (2001).

Claimant was employed as a ticket agent for Employer until his discharge on September 30, 2004. Claimant was denied unemployment compensation benefits by the Bureau of Unemployment Compensation Benefits and Allowances, and he appealed to the referee who conducted a hearing at which Employer appeared and was represented by its division manager, a non-attorney representative. Claimant appeared and was represented by his attorney. After hearing the evidence, the referee concluded that Claimant was discharged for conduct that did not rise to the level of willful misconduct and granted benefits under Section 402(e) of the Law.

On appeal by Employer, the Board made the following relevant findings of fact. Employer maintained two work locations owned by SEPTA—Market East and Market West. Claimant's work schedule at Market West was from 6:00 a.m. to 9:30 a.m. and later from 3:00 p.m. to 7:00 p.m. Claimant reported to work on September 30, 2004 at 6:00 a.m., although he had been suffering from flu-like symptoms of diarrhea, stomach cramps and lightheadedness for several days. There was no air-conditioning at Market West, and the lack of ventilation and the hot climate exacerbated Claimant's illness. After completing his shift at 9:30 a.m., Claimant informed Employer that he was sick and would be unable to report for his shift at 3:00 p.m. The morning supervisor informed Claimant that he could not call off sick because the staff was shorthanded and that if he failed to report to work as scheduled, the division manager would be angry. The supervisor urged Claimant to report to work at the Market East location where there was air-conditioning.

Claimant reported to Market East at 3:00 p.m. and continued to work until 6:40 p.m. when he closed his window. The evening supervisor informed Claimant that he was not authorized to close his window early, and an argument ensued during which Claimant yelled f—— the employer, f—— the evening supervisor and f—— the division manager. Claimant stated, among other things, that "if you guys keep breaking my balls and harassing me [ ] I will throw the keys in the drop vault like I did last summer when you harassed me...." Finding of Fact No. 16. The evening supervisor directed Claimant to throw the keys in the drop vault, which meant that he was discharged. The incident occurred in front of customers, and under Employer's policy an employee is prohibited from cursing, swearing, or directing profane or derogatory remarks or language toward company members or supervisors, which may result in immediate discharge for a serious infraction.

■■■■■ The Board found that Claimant was discharged for insubordination and for using foul and abusive language in front of Employer's customers. The Board rejected, as not credible, Claimant's testimony that his weakened condition due to illness and the evening supervisor's provocation caused his profane outburst and that the evening supervisor had previously used profanities at the workplace. Concluding that Claimant's conduct rose to the level of willful misconduct and that he failed to establish good cause for his conduct, the Board reversed the referee's decision and denied benefits. The Board additionally denied Claimant's request for a remand, stating that he had the opportunity for a full and fair hearing and that the record is sufficiently complete to enable the Board to reach its decision.[2]

---

2. This Court's review is limited to determining whether the Board's adjudication is in violation of constitutional rights, whether an error of law was committed or whether all

■ Citing *Harkness v. Unemployment Compensation Board of Review*, 867 A.2d 728 (Pa.Cmwlth.2005), Claimant asserts that Employer was not permitted to be represented by a non-attorney at the hearing. In *Harkness* this Court held that a corporate employer must be represented by an attorney in an unemployment compensation proceeding and that a non-attorney representing an employer engages in the unauthorized practice of law. Claimant, however, waived this issue because he failed to raise it before the referee or the Board. *See Schaal v. Unemployment Compensation Board of Review*, 870 A.2d 952 (Pa.Cmwlth.2005). In any event, Claimant's position lacks merit as the Court specifically limited the application of its holding in *Harkness* to proceedings filed before the Board after February 3, 2005. Employer's appeal was filed December 14, 2004.[3]

■ Claimant further claims that the Board violated his due process rights by relying upon an incomplete record that Claimant asserts was caused by the disruptive behavior of Employer's non-attorney representative. The essential elements of due process are notice and an opportunity to be heard in a full and fair hearing before an impartial decision maker. *Local 85 of the Amalgamated Transit Union, AFL–CIO v. Port Authority of Allegheny County*, 840 A.2d 506 (Pa.Cmwlth. 2004). A complete record accurately presenting the full testimony of each witness is essential in reviewing the Board's decision. *W.C. McQuaide, Inc. v. Unemployment Compensation Board of Review*, 50 Pa.Cmwlth. 372, 413 A.2d 14 (1980). Where an "inaudible" notation is used too often in a transcript rendering the witnesses' testimony incomplete and ambiguous, the matter should be remanded for a complete record. *Id.* No due process violation occurs, however, when the inaudible testimony does not affect the meaning, context or import of the witness' testimony, and a remand is unwarranted in that instance. *Mondevergine v. Civil Service Commission*, 108 Pa.Cmwlth. 433, 529 A.2d 1180 (1987); *Carter v. Unemployment Compensation Board of Review*, 65 Pa.Cmwlth. 569, 442 A.2d 1245 (1982).

The 62-page transcript of the hearing contains many notations of "inaudible" and "inaudible, both talking." The Court concludes, however, upon an examination of the transcript that the inaudible notations do not render the witnesses' testimony incomplete or ambiguous such that a remand is warranted; also the Court cannot agree that the inaudible testimony affects the meaning, context or import of the testimony inasmuch as it can be clearly understood for purposes of appellate review. Additionally, Claimant does not explain how he was prejudiced by the transcript omissions. Hence, no due process violation occurred.

■ As for his eligibility for benefits under Section 402(e) of the Law, the Board maintains that Claimant waived this issue because he failed to specifically in-

necessary factual findings are supported by substantial evidence in the record. *Graham v. Unemployment Compensation Board of Review*, 840 A.2d 1054 (Pa.Cmwlth.2004). In an unemployment compensation proceeding, the Board is the ultimate fact finder and is empowered to determine the credibility of all witnesses. *Ross v. Unemployment Compensation Board of Review*, 861 A.2d 1019 (Pa. Cmwlth.2004).

3. Subsequently, Section 214 of the Act, 43 P.S. § 774, was added by Section 3 of the Act of June 15, 2005, P.L. 8, effective immediately, authorizing either counsel or another representative to represent a claimant or an employer in an unemployment compensation proceeding.

clude it in his questions presented for review, even though Claimant raises the issue in the argument section of his brief. Pursuant to Pa. R.A.P. 2116(a), the Court may consider the issue waived, *see Williams v. Workers' Compensation Appeal Board (USX Corp.-Fairless Works),* 862 A.2d 137 (Pa.Cmwlth.2004), but assuming that it was properly preserved for appellate review Claimant nevertheless cannot prevail. He admittedly directed profanities at his supervisor and did so in front of Employer's customers. An employee's use of abusive, vulgar or offensive language evidences a disregard of standards that an employer can rightfully expect of its employees. *Allen v. Unemployment Compensation Board of Review,* 162 Pa.Cmwlth. 250, 638 A.2d 448 (1994). Because the Board rejected his testimony, Claimant failed to establish good cause for his conduct. As such, he is ineligible for benefits under Section 402(e). The Court therefore affirms.

## *O R D E R*

AND NOW, this 11th day of August, 2005, the Court affirms the order of the Unemployment Compensation Board of Review.