Gravure Division of Triangle Publications, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 15, 1978, before Judges CRUM-
LISH, JR., WILKINSON, JR. and CRAIG, sitting as a panel
of three.

*Richard S. Meyer*, with him *Dilworth, Paxson,
Kalish, Levy & Kauffman*, for petitioner.

*Michael Klein*, Assistant Attorney General, with
him *Robert P. Kane*, Attorney General, for respon-
dent.

OPINION BY JUDGE CRUMLISH, JR., December 28,
1978:

This is an appeal by the Gravure Division of Tri-
angle Publications, Inc. (Employer) from a decision

of the Unemployment Compensation Board of Review (Board) reversing the referee who disallowed benefits to Dennis Coram (Claimant).

We affirm the Board.

Claimant was one of approximately 15 extra employees in Employer's Paper-Handling Department and was called upon to fill in for regular workers who were on vacation or sick leave. As Employer's needs required, extra employees were called for work according to seniority. The Union Shop Steward is solely responsible for following the "call-up" procedure. Until July 27, 1975, Claimant was first in seniority and had been called regularly. At that point, however, approximately six regular employees with greater seniority than Claimant were laid off and placed on the "extra list," dropping Claimant's seniority ranking to seventh. Because he believed that he would no longer be called upon on a regular basis due to his diminished status, Claimant filed a claim for unemployment compensation benefits, which was denied ostensibly because he was not available for work, Section 401(d) of the Unemployment Compensation Act (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §801(d). The referee made the following pertinent findings in support of his conclusion:

5. During the period from July 27, 1975 through October 11, 1975 claimant only worked one shift even though a total of 50 shifts were available during said period for him to work based on his seniority.

6. Claimant was not available for telephone calls during the period from July 27, 1975 through October 11, 1975 even though the telephone calls were made to the number claimant furnished to the employer and to the union.

7. Claimant did not contact the union nor the employer during the period from July 27, 1975 through October 11, 1975 to inquire as to whether or not work was available and/or as to whether efforts had been made to reach him concerning available work.

On appeal, the Board found that Claimant had been contacted only once; that he had worked one shift; and that the referee's findings were not based on competent evidence. It reversed the referee's decision and concluded that Claimant was available for work under Section 401(d) of the Law.

Employer argues that the Board's finding that Claimant was contacted only once is inconsistent with its finding that other extra employees were called in accordance with their seniority; that the Board's finding that Claimant was available for work is erroneous; and that the Board's findings are unsupported by substantial evidence.

As to Employer's first contention, it was in the province of the Board to have found that Claimant was contacted only once despite the contrary-stated policy of making calls in accordance with seniority. There is nothing in the record to document details of the telephone calls, *i.e.*, who made the calls, when the calls were made, and who received the calls. Absent this evidence, we can perceive no inconsistency in the Board's findings.

Although there is conflicting evidence as to the number of times Claimant was called by his employer, the Board chose not to accept evidence offered by Employer on this issue. It is now axiomatic that a Board, as the ultimate fact finder, is empowered to so resolve such conflicting evidence. Claimant's testimony that he was not at home during the hours the calls were alleged to have been made because he was

seeking other employment, as well as the testimony by one of Employer's representatives that he only remembered calling "once or twice" and Employer's inability to give definitive accounts of when the alleged contacts with Claimant were made, constituted substantial evidence supporting the Board's finding that Claimant had only been contacted once.

Employer's argument that the Board erred in its determination that Claimant was "available for work" is also without merit. Section 401(d) of the Law, 43 P.S. §801(d), provides that:

> Compensation shall be payable to any employee who is or becomes unemployed, and who
>
> —
>
> . . . .
>
> (d)   Is able to work and available for suitable work. . . .

To be "available," a claimant must be actually and currently attached to the labor force and ready and willing to accept suitable employment. *Unemployment Compensation Board of Review v. Molitoris*, 24 Pa. Commonwealth Ct. 360, 356 A.2d 863 (1976).

Generally, the determination of whether a claimant is available for work as required by Section 401(d) of the Act is a question of fact for the Board, which this Court is bound to affirm if the Board's resolution of that factual issue is supported by the evidence. *Goodwin v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 285, 378 A.2d 1308 (1977). Our careful review of the record reveals to us substantial evidence to support the findings of the Board. We are unwilling to conclude that Claimant's failure to periodically report to his employer, in the absence of a statutory or contractual duty to do so, rendered him unavailable for work and ineligible for compensation as a matter of law.

Accordingly, we

### ORDER

AND NOW, this 28th day of December, 1978, the decision of the Unemployment Compensation Board of Review dated June 2, 1977, is affirmed.