Pennsylvania Electric Company, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs to Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

Michael F. Kraemer, with him William J. Payne, Kleinbard, Bell & Brecker, for petitioner.

John T. Kupchinsky, Associate Counsel, with him Richard L. Cole, Jr., Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, September 29, 1982:

Pennsylvania Electric Company (Penelec) appeals from an order of the Pennsylvania Unemployment Compensation Board of Review (Board) which affirmed the Referee's finding that Deirdre M. Potash (claimant) was "able to work and available for suitable work" and therefore eligible for benefits pursuant to Section 401(d)(1) of the Unemployment Compensation Law (Act).[1]

The claimant had been employed as a meter reader/collector for Penelec and her duties required her not only to climb in and out of a Plymouth Trail Duster[2] but to do considerable walking in all types

---

[1] Act of Dec. 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §801(d)(1).

[2] The claimant's uncontradicted testimony at the hearing indicates that the Plymouth Trail Duster has a higher ground clearance than a normal vehicle, necessitating the use of a side step in order to climb into this vehicle.

of weather conditions and terrain. Upon discovering that she was pregnant, with a delivery date of August 18, 1981, she presented medical certification to Penelec on February 20, 1981 to the effect that her work would threaten both her and her baby's health and consequently, that she would not be able to perform her regular job duties. She requested other work which she could perform consistent with the limitations placed upon her by her physician, but, because of her union status, other work was unavailable.[3] A maternity leave of absence not being available to the claimant, Penelec placed her on unpaid sick leave but continued her life insurance and hospitalization coverage. She was entitled to receive holiday pay, when applicable, and to return to Penelec when released by her physician. The claimant applied for unemployment benefits, which were approved by the Office of Employment Security, and Penelec appealed this determination. A referee determined that she was eligible for benefits, and the Board affirmed. The instant appeal followed.

---

[3] There is evidence in the record that there was a temporary clerical position available with Penelec; however, in order to be eligible to *apply* for the position, the claimant would have been forced to resign from the union. This *forced* resignation from a union, in order to be eligible for another position within the employer's company, is clearly not required by the Unemployment Compensation Law. Section 402 of the Act, 43 P.S. §802 provides in pertinent part:

> that a voluntary leaving work because of a disability if the employer is able to provide other suitable work, shall be deemed not a cause of a necessitous and compelling nature: And provided further, that no employee shall be deemed to be ineligible under this subsection where as a condition of continuing in employment such employee would be required to join or remain a member of a company union or to resign from or refrain from joining any bona fide labor organization. . . .

Penelec argues that the claimant failed to meet her burden of proving that she left her job with cause of a necessitous and compelling nature. Section 402 of the Act provides that "an employe shall be ineligible for compensation for any week—(b)(1) In which his employment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . ." And in unemployment cases, the burden is on the employe to show that he had a necessitous and compelling reason for leaving his employment. *Rinehart v. Unemployment Compensation Board of Review,* 37 Pa. Commonwealth Ct. 15, 389 A.2d 243 (1978). Where, as here, the party with the burden of proof has prevailed below, our scope of review is limited to a determination of whether or not the Board erred as a matter of law or necessary findings of fact are not supported by substantial evidence in the record. *Maxwell v. Unemployment Compensation Board of Review,* 54 Pa. Commonwealth Ct. 604, 423 A.2d 430 (1980). Furthermore, the evidence must be considered in the light most favorable to the party in whose favor the Board has found, giving that party the benefit of every inference which can be logically and reasonably drawn from it. *James v. Unemployment Compensation Board of Review,* 6 Pa. Commonwealth Ct. 489, 296 A.2d 288 (1972).

In order to have met her burden of proof here, this claimant must have (1) introduced competent testimony that at the time of the termination, adequate health reasons existed to justify termination, (2) informed the employer of the health problems, and (3) specifically requested the employer to transfer her to a more suitable position. *Deiss v. Unemployment Compensation Board of Review,* 475 Pa. 547, 381 A.2d 132 (1977). And a careful review of the record persuades us that she has clearly met all three of these

*Deiss* requirements, by presenting medical certification of her inability to perform her regular job duties, which she communicated to her employer, and by specifically requesting other work from her employer.

The petitioner also contends that the claimant failed to establish that she was able and available for suitable employment, noting that she planned to return to her meter reader/collector position with Penelec at the end of her leave. Generally, the determination of whether or not a claimant is available for work as required by Section 401(d) of the Act is a question of fact for the Board, which this Court is bound to affirm if the Board's resolution of that factual issue is supported by substantial evidence. *Gravure Division of Triangle Publications, Inc. v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 424, 395 A.2d 687 (1978).

It is well established that:

> [I]t may not be presumed as a matter of law that a person on a leave of absence from his previous job is unavailable for work. It follows, as we have also held, that a woman may not be presumed unavailable for work, simply because she was placed on a pregnancy leave of absence.

*Wincek v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 237, 239, 412 A.2d 699, 701 (1980) (citations omitted). Although the claimant in the instant case was placed on unpaid sick leave, rather than given the pregnancy leave of absence which she had requested, we do not believe that this difference results in her being unavailable for work. There is substantial evidence in the record to support the referee's finding and the Board's subsequent determination that the claimant actually was able and available to work. Although she was somewhat

limited by her physician in regard to the type of work which she should perform, this restriction is not so burdensome as to preclude her from securing a job. In fact, her physician's certification supports her own testimony that she is available for work.

The petitioner's final contention is that the claimant is not unemployed, and thus not eligible for benefits, because she receives certain health benefits from the company, which include life insurance and hospitalization insurance. This issue revolves around the definition of the term "unemployed" and an individual is deemed unemployed under the Act:

(I) with respect to any week (i) during which he performs no services for which remuneration is paid or payable to him and (ii) with respect to which no remuneration is paid or payable to him, or (II) with respect to any week of less than his full-time work if the remuneration paid or payable to him with respect to such week is less than his weekly benefit rate plus his partial benefit credit.

There is no contention here that the claimant currently performs any service whatsoever for Penelec. And, although it is undisputed that Penelec does provide her with hospitalization coverage, there is no contention that she receives "remuneration", as contemplated by the Act, while on her unpaid sick leave. In an analogous case, where, as here, the claimant clearly performed no services during the relevant period, the Supreme Court of Pennsylvania defined remuneration as "payment for services rendered". *Gianfelice Unemployment Compensation Case,* 396 Pa. 545, 153 A.2d 906 (1959). Here it is clear that the claimant has not performed any services, nor has she received any remuneration. Accordingly, we must conclude that she is unemployed as required by the Act, and that there is substantial evidence in the rec-

220

ord to support the necessary findings of fact regarding this issue.

We will, therefore, affirm the determination of the Board.

ORDER

AND Now, this 29th day of September, 1982, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.