529 A.2d 1218

Kathleen St. John, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs October 14, 1986, to Judges MacPhail, Doyle and Barry, sitting as a panel of three.

*Edward Van Stevenson, Jr., Neighborhood Legal Services Association,* for petitioner.

*James K. Bradley,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

Opinion by Judge Barry, August 20, 1987:

Kathleen St. John, claimant, appeals from an order of the Unemployment Compensation Board of Review (Board) denying her claim for benefits.

Claimant was employed by Shoe Corporation of America (SCOA). Her place of employment was the Budget Shoe Department of Joseph Horne Company as a sales clerk and her responsibilities included attending to patrons, packing and unpacking boxes and cartons, filling store displays, checking out customers who were purchasing shoes and cleaning and shelving the employment area. She was hospitalized on March 20, 1984, underwent surgery and was unable to return to work for six weeks. Her last day at work before surgery was March 18, 1984. Upon her release from the hospital, claimant was informed by her doctor that she could return to work if she performed only light duties. He restricted her to desk work. Employer notified her that no jobs of those types were available. On March 30, 1984 claimant reported to the Unemployment Office to file for unemployment compensation benefits. On May 6, 1984 claimant was given a full release by her doctor to return to work. She did so immediately. She was denied benefits for the period from March 18 to May 6 by the OES and the referee under Section 401(d)(1) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d)(1). The Board affirmed. On appeal to this court claimant argues that the referee erred when he gauged claimant's availability under Section 401(d)(1) in the context of the market for desk jobs within Shoe America Company rather than the general employment market—which is the required measuring standard under 401(d)(1). In essence, claimant argues that employer failed to prove claimant's limitations on her availability effectively removed her from the job market. Finding of fact No. 5, she contends, even if supported by the record, clearly indicates that the referee committed an error of law by improperly narrowing the effect of Section 401(d)(1).

Section 402(b) of the Act, 43 P.S. §802(b) (Supp. 1986), provides that:

An employe shall be ineligible for compensation for any week—

. . . .

(b)   In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature, irrespective of whether or not such work is in 'employment' as defined in this act: Provided, That a voluntary leaving work because of a disability if the employer is able to provide other suitable work, shall be deemed not a cause of a necessitous and compelling nature: . . . .

In unemployment cases, the burden is on the employee to show that he had a necessitous and compelling reason for leaving his employment. *Pennsylvania Electric v. Unemployment Compensation Board of Review,* 69 Pa. Commonwealth Ct. 214, 450 A.2d 779 (1982). Claimant, in order to meet her burden of proof must prove that, at the time she left her employment, 1) adequate health reasons existed to justify her absence, 2) she informed the employer of her health problems and, 3) she specifically requested the employer to transfer her to a more suitable position. *Deiss v. Unemployment Compensation Board of Review,* 475 Pa. 547, 381 A.2d 132 (1977).[1] The record reveals that claimant has met these requirements. However, once claimant had established that she had a necessitous and compelling cause it was necessary for her to show that she was able and available for suitable work under Section 401(d)(1) of the Act. *Molnar v. Unemployment Compensation Board of Re-*

---

[1] The case of *Genetin v. Unemployment Compensation Board of Review,* 499 Pa. 125, 451 A.2d 1353 (1982), makes it plain, however, that the third of the requirements set forth in *Deiss* has been eliminated since the employer must attempt to initiate or effectuate a transfer to more suitable work.

*view,* 40 Pa. Commonwealth Ct. 518, 397 A.2d 869 (1979). A claimant creates a presumption of availability by registering for work with the unemployment compensation authorities. *Wincek v. Unemployment Compensation Board of Review,* 64 Pa. Commonwealth Ct. 201, 439 A.2d 890 (1982). That presumption can be rebutted by reasonably drawn inferences made by the Board from the surrounding circumstances of the particular case. *Burke v. Unemployment Compensation Board of Review,* 75 Pa. Commonwealth Ct. 1, 460 A.2d 915 (1983). Here, claimant registered with the Office of Employment Security. The issue then becomes whether the employer rebutted the presumption of availability. In *Pennsylvania Electric* we repeated the well established rule that, as a matter of law, a person on a leave of absence from his job is not presumed to be unavailable for work. A person on a leave of absence from one job may be able and available for other work. In *Molnar* we determined that one who accepts a medical leave of absence has indicated a present intention to accept only temporary; as opposed to permanent, employment and that these limiting medical problems rebut the presumption of availability. The burden then shifts to the claimant. Here, the claimant presented evidence that she was permitted by her doctor to return to work providing she did only sedentary-type work. The referee, however, applied the incorrect legal standard. In his finding of fact No. 5, the referee stated that the employer did not have desk work available, and claimant's normal duties involved lifting and carrying.

He later states under Reasoning:

> Testimony adduced at the hearing reveals that subsequent to her release from the hospital claimant informed the employer she was released by her doctor as able to perform desk work. Claimant further advised the employer she was restricted from lifting and carrying,

climbing stairs and driving a car. Claimant's duties with the employer necessarily involved lifting and carrying and the employer advised claimant that no desk work was available, a fact of which claimant was, or should have been, aware. Upon her release to return to work, without restrictions claimant resumed working at her former position.

In light of the physical restrictions placed on claimant subsequent to her release from the hospital, claimant cannot be considered to be realistically able to work until released by her physician, effective May 6, 1984. . . .

Claimant is correct in pointing out that the referee misapplied Section 401(d). The test for availability under Section 401(d) is applicable to the local labor market and is not confined to jobs available within employer's place of business. The Board erroneously adopted the referee's incorrect conclusion. The determination of whether claimant is available for work is primarily a question of fact for the Board. *Triangle Publications, Inc. v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 424, 395 A.2d 687 (1978). Neither the referee nor the Board made specific factual findings on the availability of desk jobs in the local labor market; thus we are unable to determine whether claimant met her burden. We must remand for specific factual findings related to whether claimant has effectively demonstrated that despite her limited medical restrictions, she is available for work.

### ORDER

Now, August 20, 1987, the order of the Unemployment Compensation Board of Review, dated September 10, 1984, at No. B-234242, is vacated and the matter is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.