IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Deborah Stevens, : 
           Petitioner : 
            : 
        v. : No. 767 C.D. 2015
            : Submitted: December 11, 2015
Unemployment Compensation : 
Board of Review, : 
           Respondent : 

BEFORE:   HONORABLE DAN PELLEGRINI, President Judge[1]
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
PRESIDENT JUDGE PELLEGRINI            FILED: January 6, 2016

Deborah Stevens petitions, *pro se*, for review of the order of the Unemployment Compensation Board of Review (Board) finding her ineligible for benefits under Section 402(b) of the Unemployment Compensation Law (Law)[2]

---

[1] This matter was assigned to this panel before January 1, 2016, when President Judge Pellegrini assumed the status of senior judge.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b). Section 402(b) provides:

An employe shall be ineligible for compensation for any week—

           \*    \*    \*

**(Footnote continued on next page…)**

because she did not have necessitous and compelling cause for accepting a disability retirement from her employment with the Department of Human Services (Employer). We vacate and remand.

From September 2001 to February 2014, Claimant was employed by Employer as an Administrative Officer. Effective February 2014, she took an approved six-month leave of absence for medical reasons by using Sick Parental Family Care Leave (SPF). However, her SPF leave expired and her doctor did not release her to return to work. In August 2014, Claimant was approved for an extended SPF leave of absence until December 2014 which could have been extended to February 2015, but Claimant would no longer have medical benefits during that leave of absence. Rather than continue on her extended SPF leave of absence, Claimant applied for a disability retirement because she was eligible for continuing medical benefits and disability retirement income if she retired. Claimant was approved for disability retirement effective October 31, 2014. While she remains eligible for reinstatement if she chooses to do so and has an appropriate medical release, Claimant has accepted the disability retirement and has not returned to work for Employer.

---

**(continued…)**

> (b) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature, irrespective of whether or not such work is in "employment" as defined in this act: Provided, That a voluntary leaving work because of a disability if the employer is able to provide other suitable work, shall be deemed not a cause of a necessitous and compelling nature:….

On November 17, 2014, Claimant filed a claim for benefits in which she indicated that there are no conditions under which she may not be able and available to work during the next year; that while she suffers from "A-FIB," there are no applicable work limitations; that she is able to work; that she is available for work; and that she is not voluntarily restricting her work hours or type of work. (Certified Record (CR) Item No. 2 at 1, 3, 5). Ultimately, the UC Service Center denied benefits, determining that Claimant did not meet her burden to show that she had necessitous and compelling cause for leaving her employment. Claimant appealed and a hearing was conducted before a Referee.

Claimant testified that while she accepted and was granted a disability retirement, she is not retired. She testified that she was granted the extension of her SPF leave until December 2014 because she supplied documentation by her doctor stating that she is unable to work. She stated that she received a letter from Employer stating that her pay and medical benefits ended in August 2014, which caused her to seek disability retirement because she would be in no-pay status and would not have medical benefits during the extended leave. She testified that she was aware that instead of taking the disability retirement, she could have continued with Employer during the extended leave and used COBRA to maintain her medical benefits during the leave, but that it would have cost her $472.00 per month and that she could not financially afford to do so. However, Claimant stated that she is receiving $1,067 payment per month for her disability retirement in addition to her benefits. She also testified that she did not supply Employer with medical documentation from her doctor that she is able to perform light-duty work.

3

Valerie Wilson, Employer's Human Resource Analyst, confirmed that Claimant's medical benefits and life insurance ended in August 2014, but that she could have opted to go into COBRA and to pay for continuing medical benefits. She stated that Claimant could have come back to work by providing a medical release. She testified that Claimant has reinstatement rights to return to work, but that Claimant has to show an ability to work through a medical release.

The Referee affirmed the UC Service Center's determination and on further appeal, the Board affirmed the denial of benefits explaining:

> The claimant failed to show that she acted with ordinary common sense and has not made an effort to maintain the employment relationship. The claimant did not exhaust her approved leave of absence, which would have allowed her to remain on SPF leave until February 2015 with appropriate medical documentation. The claimant did not advise the employer of any medical restrictions that would allow her to return to work in a different capacity or seek a different position with [Employer]. Further the claimant has not made any attempts to return to [Employer], despite the fact that she is eligible for reinstatement under the Civil Service [Act[3]] and advised the service center that she is able and available to work. The claimant elected to leave her employment and assume a disability retirement in order to maintain medical benefits. This is not a necessitous or compelling reason to quit and the claimant failed to meet her burden.

(Board 3/11/15 Decision and Order at 2).

---

[3] Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §§741.1-741.1005.

4

In this appeal,[4] Claimant argues that the Board erred in affirming the denial of benefits because she quit her employment for necessitous and compelling cause as she was forced to apply for her disability retirement in order to maintain her health insurance to pay for necessary treatment and medicines in order to survive her medical condition.[5]

Under Section 402(b) of the Law, a claimant is ineligible for benefits if she voluntarily leaves her employment without necessitous and compelling cause. Voluntary retirement renders a claimant ineligible for benefits, but physical disability may constitute a necessitous and compelling cause for voluntarily terminating employment and may render a claimant eligible for benefits. *Fioretti v.*

---

[4] Our review of the Board's decision is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Middletown Township v. Unemployment Compensation Board of Review*, 40 A.3d 217, 222 n.8 (Pa. Cmwlth. 2012).

[5] By order, this Court granted the Board's motion to strike the extra-record evidence appended to Claimant's appellate brief at Exhibits A, B, C and E. Additionally, in the Statement of Questions Involved portion of her brief, Claimant also asserts that she is not ineligible for benefits under Section 402(e) of the Law, 43 P.S. §802(e), because she was not discharged or temporarily suspended from work for willful misconduct connected with her work. However, her eligibility under Section 402(e) is irrelevant in the instant appeal as she concedes that she accepted a disability retirement and was not removed from her position by Employer, and the Board only determined that she was ineligible for benefits under Section 402(b). Moreover, Claimant has not developed any argument in this regard in her appellate brief so this claim has been waived for purposes of appeal. *See* Pa. R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part … the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."); *Harvilla v. Delcamp*, 555 A.2d 763, 764 n. 1 (Pa. 1989) (holding that issues included in statement of questions involved but not addressed in argument section of an appellant's brief are waived). *See also Smathers v. Smathers*, 670 A.2d 1159, 1160 (Pa. Super. 1996) (holding that *pro se* status does not relieve an appellant of her duty to properly raise and develop her appealable claims).

*Unemployment Compensation Board of Review*, 405 A.2d 1382, 1383-84 (Pa. Cmwlth. 1979). A claimant seeking benefits after voluntarily leaving employment has the burden of demonstrating real and substantial pressure to terminate her employment that would compel a reasonable person under similar circumstances to act in the same manner. *Dopson v. Unemployment Compensation Board of Review*, 983 A.2d 1282, 1284 (Pa. Cmwlth. 2009). The Claimant must also demonstrate that she acted with ordinary common sense and made a reasonable effort to preserve her employment. *First Federal Savings Bank v. Unemployment Compensation Board of Review*, 957 A.2d 811, 816 (Pa. Cmwlth. 2008).

Additionally, to be eligible for benefits, a claimant must show that she is able and available for suitable work under Section 401(d)(1) of the Law.[6] *Rohde v. Unemployment Compensation Board of Review*, 28 A.3d 237, 243 (Pa. Cmwlth. 2011). A claimant creates a presumption of work availability by registering for benefits with the UC Service Center. *Id.* However, this presumption is rebuttable by evidence that a claimant's physical condition limits the type of work that she is able to accept or that she has voluntarily placed other restrictions on the type of job that she is willing to accept. *Id.*

As this Court has explained:

---

[6] 43 P.S. §801(d)(1). Section 401(d)(1) states, in relevant part that "[c]ompensation shall be payable to any employe who is or becomes unemployed, and who … [i]s able to work and available for suitable work…." *See Carter v. Unemployment Compensation Board of Review*, 442 A.2d 1245, 1248 (Pa. Cmwlth. 1982) ("[U]nder Section 401(d), the claimant must be able to work and be available for suitable work in order to be entitled to benefits. Unemployment compensation is not health insurance and it does not cover the physically or mentally ill during the periods they are unemployable.") (citation omitted).

6

Here, claimant registered with the Office of Employment Security. The issue then becomes whether the employer rebutted the presumption of availability. In *Pennsylvania Electric* [*Company v. Unemployment Compensation Board of Review*, 450 A.2d 779, 781 (Pa. Cmwlth. 1982),] we repeated the well-established rule that, as a matter of law, a person on a leave of absence from his job is not presumed to be unavailable for work. A person on a leave of absence from one job may be able and available for other work. In *Molnar* [*v. Unemployment Compensation Board of Review*, 397 A.2d 869, 870 (Pa. Cmwlth. 1979),] we determined that one who accepts a medical leave of absence has indicated a present intention to accept only temporary, as opposed to permanent, employment and that these limiting medical problems rebut the presumption of availability. The burden then shifts to the claimant….

*St. John v. Unemployment Compensation Board of Review*, 529 A.2d 1218, 1220 (Pa. Cmwlth. 1987). "Thus, claimant cannot rely upon the presumption of availability to meet [her] burden. Rather, [she] had an affirmative obligation to produce evidence that [she] was able to do some type of work and that there was a reasonable opportunity for securing such work." *Molnar*, 397 A.2d at 870.

In this case, Claimant had necessitous and compelling cause to accept her disability retirement effective October 31, 2014, because it is undisputed that she was in no-pay status and without medical benefits while suffering from a medical condition warranting SPF leave at that time. *See, e.g., United States Steel Corporation v. Unemployment Compensation Board of Review*, 333 A.2d 807, 809-10 (Pa. Cmwlth. 1975) (holding that a steel roller's acceptance of early retirement rather than continuing in a temporary position as a laborer did not prejudice his right to receive benefits where the steel roller position was one of high skill at high compensation and the laborer position was an unskilled position compensated at a

low rate and he would have to accept the low wages for an indefinite period while the more attractive pension plan option expired on a date certain).

Nevertheless, when she applied for benefits on November 17, 2014, Claimant indicated that there are no conditions under which she may not be able and available to work during the next year; that while she suffers from "A-FIB," there are no applicable work limitations; that she is able to work; that she is available for work; and that she is not voluntarily restricting her work hours or type of work. (CR Item No. 2 at 1, 3, 5). Additionally, the Board found that Claimant has not attempted to return to work for Employer even though she is eligible for reinstatement under the Civil Service Act and she told the UC Service Center that she is able and available for work. (Board 3/11/15 Decision and Order at 2). Claimant does not contest the Board's findings in this regard. As a result, while the Board erred in determining that Claimant is not entitled to benefits at the time that she accepted her disability retirement effective October 31, 2014, it did not err in determining that she is not entitled to ongoing benefits after November 17, 2014, the date on which she asserts that there are no conditions under which she may not be able and available to work during the next year; there are no applicable work limitations; that she is able to work; that she is available for work; and that she is not voluntarily restricting her work hours or type of work. (CR Item No. 2 at 1, 3, 5). Because Claimant cannot rely on the presumption of availability and she has not produced evidence that she is able to do some type of work or has sought available employment with Employer, she is not entitled to benefits under the Law.

Accordingly, the Board's order is vacated and the case is remanded to the Board to award benefits for the period of October 31, 2014, to November 17, 2014.

_____
DAN PELLEGRINI, President Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Deborah Stevens,                        :
                    Petitioner          :
                                        :
        v.                              : No. 767 C.D. 2015
                                        :
Unemployment Compensation               :
Board of Review,                        :
                    Respondent          :


# **O R D E R**


AND NOW, this 6<u>th</u> day of <u>January</u>, 2016, the order of the Unemployment Compensation Board of Review dated March 11, 2015, at No. B-14-09-F-B541, is vacated and the case is remanded to the Board to award unemployment compensation benefits for the period of October 31, 2014, to November 17, 2014.


    Jurisdiction is relinquished.


                                        _____
                                        DAN PELLEGRINI, President Judge