# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Denise M. Minter, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 2054 C.D. 2016 |
| | : | Submitted: May 19, 2017 |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | |

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**               **FILED: August 29, 2017**

Denise M. Minter (Claimant) petitions for review from an order of the Unemployment Compensation Board of Review (Board) that denied her unemployment compensation (UC) benefits on the ground she was not able or available for suitable work under Section 401(d)(1) of the UC Law (Law),[1] 43 P.S. §801(d)(1).  Claimant primarily argues the Board erred in denying her UC benefits where she was able and available to work in some capacity despite the fact that she could not return to the job she held most recently.  Upon review, we affirm.

Claimant worked for UPMC Presbyterian Shadyside (Employer) as a full-time anesthesia technician.  After her separation from employment, Claimant applied for UC benefits, which were initially denied.  Claimant appealed.  A hearing ensued before a referee.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended.

At the referee's hearing, Claimant represented herself and testified on her own behalf. Additionally, Employer presented the testimony of James Pfahl, Disability Management Coordinator for UPMC Work Partners, and Lance Maloney, a senior human resources consultant for Employer. The referee also admitted numerous documentary exhibits without objection by either party.

After the hearing, the referee issued a decision in which she made the following relevant findings. Claimant worked for Employer from September 1998 until October 30, 2015 at a final rate of pay of $18.71 per hour.

In November 2015, Claimant took off of work because of a surgical procedure. Approximately three weeks after the surgery, Claimant developed other medical problems. Claimant consulted a neurologist and received vestibular therapy. Employer granted Claimant's request for a leave of absence through July 20, 2016.

In July 2016, Employer's disability management coordinator agreed to contact Claimant's physician for an updated assessment of her ability to return to work. On July 19, 2016, Claimant's physician completed a release to return to work form that indicated Claimant was not able to work with or without restrictions. By letter faxed to Employer on July 20, 2016, Claimant's physician indicated Claimant was not able to return to work, with or without restrictions.

Employer then advised Claimant that she exhausted her accommodated time away from work and unless Employer received written

2

documentation regarding Claimant's ability to work by the close of business on August 3, 2016, it would consider Claimant separated from employment for health reasons. As of the referee's September 2016 hearing, Claimant's physician did not upgrade her return to work status.

Based on these findings, the referee determined Claimant was not disqualified from receiving UC benefits under Section 402(b) of the Law (relating to voluntary quit) because both parties agreed Claimant advised Employer of her medical condition and her resulting inability to work. However, the referee determined Claimant was ineligible for benefits under Section 401(d)(1) of the Law. To that end, the referee explained, Claimant's physician's most recent assessment of Claimant's condition was that she was not able and available for work. Thus, the referee determined Claimant was ineligible for UC benefits. Claimant appealed.

Ultimately, the Board affirmed. In so doing, it explained:

After considering the entire record in this matter, the [Board] concludes the determination made by the Referee is proper under the [Law]. However, the Board reaches this conclusion under different grounds than those relied on by the Referee with respect to Section 402(b) of the Law. Based on [E]mployer's testimony and documentary evidence, specifically [E]mployer's July 20, 2016, letter, the Board concludes [E]mployer initiated [C]laimant's separation, and therefore, her separation was not voluntary. As such, [C]laimant cannot be ineligible under Section 402(b) of the Law.

With respect to Section 401(d)(1) of the Law, the Board stresses that whether a claimant is able or available for work is a week-to-week test. Although [C]laimant is

3

ineligible under Section 401(d)(1) of the Law for the weeks at issue, her eligibility for subsequent weeks may change if there is a change in circumstances. **Accordingly, should [C]laimant become able and available for subsequent weeks not already ruled on by the [s]ervice [c]enter, she should provide such information to the [s]ervice [c]enter**.

Otherwise, the Board adopts and incorporates the Referee's findings and remaining conclusions ….

Bd. Op., 11/28/16, at 1 (emphasis in original). Claimant now appeals to this Court.

On appeal,[2] Claimant first argues the Board erred in denying her UC benefits under Section 401(d)(1) of the Law because she was able and available to return to work in some capacity, even though she could not return to the job she performed most recently for Employer. Claimant asserts her physician indicated she was able to work as long as she was sitting for most of the workday and not lifting over 10 pounds. She contends that, although these restrictions rendered her unable to perform her job as an anesthesia technician, she was permitted to perform numerous jobs in general and, more specifically, various sedentary jobs, which she previously performed for Employer.

In UC cases, the Board is the ultimate fact-finder. Oliver v. Unemployment Comp. Bd. of Review, 5 A.3d 432 (Pa. Cmwlth. 2010) (en banc). As such, issues of credibility and the evidentiary weight given to conflicting testimony are within the Board's exclusive province. Id. The Board may reject the

---

[2] Our review is limited to determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed or whether constitutional rights were violated. Oliver v. Unemployment Comp. Bd. of Review, 5 A.3d 432 (Pa. Cmwlth. 2010) (en banc).

4

testimony of the claimant if it concludes her testimony is not worthy of belief. Adams v. Unemployment Comp. Bd. of Review, 373 A.2d 1383 (Pa. Cmwlth. 1977). Further, this Court must view the record in the light most favorable to the party prevailing before the Board. Sanders v. Unemployment Comp. Bd. of Review, 739 A.2d 616 (Pa. Cmwlth. 1999). We must give that party the benefit of all reasonable inferences that can be drawn from the evidence. Id.

In addition, "[t]he fact that [a party] may have produced witnesses who gave a different version of the events, or that [the party] might view the testimony differently than the Board is not grounds for reversal if substantial evidence supports the Board's findings." Tapco, Inc. v. Unemployment Comp. Bd. of Review, 650 A.2d 1106, 1108-09 (Pa. Cmwlth. 1994). Thus, it is irrelevant whether the record contains substantial evidence to support findings other than those made by the Board; the critical inquiry is whether there is substantial evidence to support the findings actually made. Wise v. Unemployment Comp. Bd. of Review, 111 A.3d 1256 (Pa. Cmwlth. 2015); Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review, 949 A.2d 338 (Pa. Cmwlth. 2008).

Section 401(d)(1) of the Law provides, in relevant part: "Compensation shall be payable to any employe who is or becomes unemployed and who … [i]s able to work and available for suitable work …." 43 P.S. §801(d)(1). The burden of proving availability for suitable work is on the claimant. Rohde v. Unemployment Comp. Bd. of Review, 28 A.3d 237 (Pa. Cmwlth. 2011). "Generally, the determination of whether or not a claimant is available for work as required by Section 401(d) of the [Law] is a question of fact

for the Board, which this Court is bound to affirm if the Board's resolution of that factual issue is supported by substantial evidence." Pa. Elec. Co. v. Unemployment Comp. Bd. of Review, 450 A.2d 779, 781 (Pa. Cmwlth. 1982).

An unemployed worker who registers for UC is presumed to be able and available for work. Rohde. This presumption is rebuttable by evidence that a claimant's physical condition limits the type of work that she is available to accept. Id. If the presumption of availability is rebutted, the burden shifts to the claimant to produce evidence that she is able to do some type of work and that there is a reasonable opportunity for securing such work. Id. "The law does not require that the claimant be available for full-time work, for permanent work, for his most recent work, or for his customary job, so long as the claimant is ready, willing, and able to accept some suitable work." Id. at 243 (citations omitted).

Here, the Board adopted the following pertinent findings made by the referee (with emphasis added):

> 2. In November 2015, [C]laimant was off due to having surgery.
>
> 3. Approximately three weeks after her surgical procedure, [C]laimant developed other medical problems.
>
> 4. [C]laimant consulted a neurologist and received vestibular therapy.
>
> 5. [C]laimant request[ed] and was granted accommodated time away from work through July 20, 2016.
>
> 6. After conversation with [C]laimant, [E]mployer's disability management coordinator agreed to contact

6

[C]laimant['s] physician for an updated assessment of her ability to return to work.

7. On or around July 19, 2016, [C]laimant['s] physician completed a release to return to work form stating that [C]laimant was not able to work with or without restrictions.

8. By letter faxed to [E]mployer on July 20, 2016, [C]laimant['s] physician said she was not able to return to work, with or without restrictions.

9. By letter dated July 20, 2016, [E]mployer advised [C]laimant that she had exhausted her accommodated time away from work, and unless [E]mployer received written documentation about her ability to work by close of business on August 3, 2016, [C]laimant, [sic] would be separated from employment due to health reasons.

10. As of the date of the hearing [(September 29, 2016)], [C]laimant['s] physician has not upgraded her return-to-work status.

Referee's Dec., 10/4/16, Findings of Fact (F.F.) Nos. 2-10. The Board also adopted the referee's determination that "[C]laimant's physician's most recent assessment of her condition is that she is not able and available for work." Referee's Dec. at 3.

Claimant asserts the Board erred in denying her UC benefits where she was capable of working in some capacity, despite not being able to return to her pre-injury job with Employer. However, our review of the record supports the Board's findings to the contrary.

To that end, Claimant's physician completed a July 19, 2016 "Release to Return to Work Form" (submitted at the referee's hearing by Claimant and

7

Employer as a joint exhibit), which indicated Claimant was <u>not</u> able to return to work "<u>with</u>" or "<u>without</u>" restrictions. F.F. No. 7; Referee's Hr'g, 9/29/16, Joint Ex. 1 (emphasis added). Further, in response to an inquiry on a questionnaire sent by Employer, Claimant's physician again indicated Claimant was <u>not</u> able to work <u>with</u> or <u>without</u> restrictions. F.F. No. 8; Referee's Hr'g, ER Ex. 3. Further, in response to a request for an estimated time frame that Claimant would need to remain off work because of her medical condition and when she could possibly return to work with accommodations, Claimant's physician stated he would "re-evaluate [Claimant] on 10/31/2016." Referee's Hr'g, ER Ex. 3. Additionally, based on the information received from Claimant's physician, James Pfahl, Disability Coordinator at UPMC Work Partners, testified: "We had asked [Claimant's physician] is [Claimant] able to return to work with or without restrictions, and he said no." Referee's Hr'g, Notes of Testimony, 9/29/16, at 7.

Nevertheless, Claimant points out that in a different section of the "Release to Return to Work Form," her physician indicated she was capable of performing sedentary work. While Claimant is correct that her physician indicated that she was capable of performing sedentary work, both in the top "Work Status" section of the "Release to Return to Work Form," and in response to Employer's questionnaire, Claimant's physician indicated Claimant could not return to work <u>with or without restrictions</u>. Referee's Hr'g, Joint Ex. 1; ER Ex. 3. Thus, Claimant's evidence was, at best, ambiguous. As fact-finder, the Board was not obligated to find that Claimant was capable of performing sedentary work in light of this evidence. Further, although at the referee's hearing Claimant attempted to explain that her physician was referring to her position with Employer when he

8

indicated she could not return to work with or without restrictions, the Board did not credit Claimant's testimony.

In short, in light of the lack of clear evidence to support Claimant's assertion that she was capable of returning to sedentary work, no error is apparent in the Board's determination that Claimant did not prove she was able and available for suitable work under Section 401(d)(1) of the Law.

Moreover, Claimant's reliance on Rohde and Pifer v. Unemployment Compensation Board of Review, 639 A.2d 1293 (Pa. Cmwlth. 1994), is misplaced. In Rohde, despite suffering from a medical condition that impacted the hours he could work, the claimant established he was, in fact, able and available for suitable work. Indeed, the claimant there actually secured other employment after his separation from the employer. In Pifer, the claimant established the presumption that he was able and available for suitable work, and the employer failed to produce any admissible evidence to rebut that presumption. Although the Board in that case relied on a physician's certification to support its determination that the claimant was unable and unavailable for work, this Court determined such reliance was improper where the referee excluded that document from the record as inadmissible hearsay and there was no other record evidence indicating the claimant was unable to work.

Unlike in Rohde and Pifer, the Board here determined that Employer rebutted the presumption that Claimant was able and available for suitable work, and Claimant did not meet her burden of proving she was able to perform any type

9

of work where her physician did not release her to return to work with or without restrictions. As explained in greater detail above, the record supports the Board's determination here.

Claimant also maintains that, based on this Court's decision in St. Clair Hospital v. Unemployment Compensation Board of Review, 151 A.3d 401 (Pa. Cmwlth. 2017) (en banc), Employer was obligated to provide Claimant with an alternative position to accommodate her medical condition where Claimant informed Employer of that condition. However, Claimant's argument fails to account for the Board's supported determination that she was not able and available for suitable work where her physician twice communicated to Employer that Claimant could not return to work with or without restrictions.

In addition, Claimant contends, assuming her physician's statement on the "Release to Return to Work Form" that she could perform sedentary work is insufficient to show she was, in fact, able and available, she is still entitled to UC benefits because the delay in obtaining her medical release was through no fault of her own. In particular, Claimant asserts her physician's office cancelled her appointment scheduled for July 2016 and rescheduled it for October 31, 2016. Claimant argues this rescheduling, which, in turn, delayed her ability to obtain a release to return to work, was beyond her control, and she repeatedly attempted to obtain an earlier appointment. Claimant also contends she notified Employer of the change in appointment date and explained the circumstances were not within her control. Having attempted to preserve her employment, Claimant maintains, she should be awarded UC benefits.

10

Despite Claimant's assertions, the fact remains that the Board's supported determination reveals Claimant was not able and available for suitable work during the period at issue. Further, where the Law does not warrant a ruling in Claimant's favor, this Court has no equitable power to ignore the Law. <u>Sturni v. Unemployment Comp. Bd. of Review</u>, 625 A.2d 727 (Pa. Cmwlth. 1993).

Finally, Claimant argues, because her doctor cancelled her scheduled July 2016 appointment, the only first-hand evidence regarding whether Claimant was capable of returning to work as of that time was her own testimony. Because Claimant testified she felt she would be cleared to return to her pre-injury position as of July 2016, Claimant argues, she established she was capable of performing her pre-injury job. Contrary to this assertion, our review of the transcript of the referee's hearing reveals Claimant did <u>not</u> testify she was capable of performing her pre-injury job as of July 2016. And, in any event, the Board did not credit Claimant's testimony. As such, this assertion fails.

Based on the foregoing, we affirm.

 

 

ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Denise M. Minter,            :
          Petitioner    :
                      :
       v.             :    No. 2054 C.D. 2016
                      :
Unemployment Compensation   :
Board of Review,          :
          Respondent  :

# **O R D E R**

**AND NOW**, this 29th day of August, 2017, the order of the Unemployment Compensation Board of Review is **AFFIRMED**.

 

_____
ROBERT SIMPSON, Judge